## SCOTT *v.* CLEVELAND.

### Opinion delivered January 31, 1916.

REAL ESTATE BROKERS—COMMISSIONS.—A. entered into a contract with B. to sell certain land, B. interested one D. in the property, but did not make the sale; thereafter A. employed one F. as agent, and F. effected a sale to D. In an action by B. against A. for commissions, *Held*, it was error to refuse to give instructions telling the jury that A. was not liable to B. under the facts set out.

Appeal from Clay Circuit Court, Western District; *J. F. Gautney*, Judge; reversed.

*G. B. Oliver*, for appellants.

1. Where the existence at one time of a certain condition or state of things of a continuing nature is shown the general presumption arises that such condition or state continues to exist until the contrary is shown by either circumstantial or direct evidence. 22 Am. & Eng. Enc. L. 1238-9, 4-b.; 29 Ark. 131; 34 *Id.* 707-711; 61 Ala. 19. John James' reputation was shown to be bad for truth and morality, and his reputation is still presumed to be bad, no testimony being offered that a change had taken place. Hence it was error to refuse

to give instruction 1 for defendant and to give par. 5 of No. 6 by the court.

2. It was error to refuse No. 2 and 3 asked by defendants. There was ample evidence to support them and no other instruction given covers the theory of the case that James was appellant's agent to sell the timber and that his contract terminated July 1, and that Day had abandoned the purchase; that after Fleetwood took the agency he again induced Day to buy the timber, etc.

3. The verdict is wholly without evidence to support it.

*C. T. Bloodworth,* for appellee.

1. The credibility of a witness, though impeached, is a question for the jury. 36 Ark. 653.

2. Any error in refusing No. 2 and 3 was cured by giving No. 5. 110 Ark. 9. A party having it in his power to prove a fact, his failure to do so is conclusive that it is against him. 29 S. E. 1006. 110 Ark. 9 is conclusive of this case; 119 Ark. 434. A general agent is a person whom one puts in his place to transact all his business of a particular kind. 55 Ark. 627; 48 *Id.* 138. The instruction Mrs. Scott claims she gave her husband, would not bind Cleveland unless he had knowledge of it, and there is no such evidence. 90 Ark. 301; 100 *Id.* 360; 31 Cyc. 1327. This controversy should be ended and an affirmance would end it.

McCULLOCH, C. J. This is an action instituted by appellee against appellants to recover the sum of $1,000 alleged to be due for commission on the sale of timber standing on the lands of appellants in Clay County. There was a judgment in favor of appellee for the full amount claimed. The case was here on a former appeal from a judgment in appellee's favor, and we reversed the cause on account of the error of the court in refusing to grant a continuance. 110 Ark. 9.

Appellants owned a tract of timber land in Clay County and were seeking a purchaser for the timber. It

was finally sold to Mr. T. E. Day, of Greensburg, Indiana, and the evidence, on the part of appellants, tends to show that the sale was brought about by the efforts of one Fleetwood, who had been employed by appellants to find a purchaser and make the sale. A commission on the sale was paid to Fleetwood. Appellee testified that appellants made a trade with him to find a purchaser at a stipulated price, and that he negotiated the sale to Day. It appears from his testimony that he began negotiations in January, 1911, and the undisputed testimony shows that the sale to Day was not consummated until December 6, 1911. Appellants' testimony tends to establish the fact that they made no contract with appellee except one to pay him a small sum to show the timber to Day when he came down to inspect it, and that the sale was finally made through the efforts of Fleetwood, to whom a commission was paid.

Appellants requested the court to give the following, among other instructions, which were refused:

"2. Even though you should find from the evidence that plaintiff, through Fleetwood, procured the man who finally purchased the timber, yet if you further find that the man procured refused to buy the timber at the price asked, but later, after the time of James had expired, was solicited by Fleetwood and that Fleetwood then had the agency to sell the timber at a lower price and consummated the trade through Fleetwood, then plaintiff would not be entitled to any commission, and you will find for the defendants."

"3. If you find from the evidence that Cleveland did not have a contract with the defendants and that Fleetwood procured Day to purchase said property, or that Cleveland failed to induce Day to purchase the property, that Day went away without purchasing the property; that later he took the matter of purchase up with Fleetwood, and that Fleetwood induced Day to purchase; that Fleetwood was the agent of defendants in making the sale and plaintiff was not such agent, then you will find for defendants."

There were no other instructions submitting that precise issue to the jury, and if those instructions were correct it was prejudicial error to refuse them. We are of the opinion that those instructions should have been given, for there was sufficient evidence to warrant a finding that notwithstanding the fact that appellants entered into a contract to pay him a commission for procuring a purchaser, appellee's efforts to make the sale to Day had failed and that the sale was finally made through Fleetwood, with whom appellants had also made a similar contract. It is not contended by appellee that he had an exclusive agency for the sale of the timber, and if, as contended by appellants, the sale was made through Fleetwood, the latter was entitled to the commission. *Murray* v. *Miller,* 112 Ark. 227.

It is insisted that the law of the case is settled by the former opinion, where it was held that the only error committed by the trial court was in refusing to grant a continuance. The instructions of the court were not discussed in the former opinion, nor does it appear that these two instructions were asked and refused on the former trial. It can not, therefore, be said that the law on this phase of the case had been settled by the former opinion, and the question is now presented for decision.

For the error in refusing to give the instructions set forth above the judgment is reversed and the cause remanded for a new trial.