SCOTT *v.* CLEVELAND.

Opinion delivered February 5, 1917.

REAL ESTATE BROKERS—COMMISSIONS.—In an action for commissions for the sale of certain timber, the appellant claimed that he was the procuring cause of the sale closed by the appellee, the owner. *Held,* a verdict in appellee's favor which was supported by some evidence would not be disturbed although it appeared to be against the preponderance thereof.

Appeal from Clay Circuit Court, Western District; *J. F. Gautney,* Judge; affirmed.

*G. B. Oliver,* for appellant.

1. This is the third appeal in this case. The law was settled on the former appeals. 110 Ark. 9; 122 *Id.* 259; 183 S. W. 197. Under the evidence and instructions there was only one proposition to consider, viz.: "Who, *under the instructions,* procured the purchaser and made the sale? The only rule for determining that question is found in instructions six and seven. The jury found for plaintiff but there is no evidence to support the verdict on any of the points in the instructions. Day

refused to buy from James at the price asked. Day was solicited to buy after James' time had expired. Fleetwood had the agency to sell and consummated the trade. The evidence is fully developed and this cause should be dismissed. 88 Ark. 592, 594.

2. There is only one explanation of the verdict, and that is they did not understand the instructions—were confused and uncertain as to their meaning. Defendant's motion to amend or change the instruction should have been granted. All confusion or misunderstanding would have been eliminated if the modification had been made.

3. If the court had given the instructions asked by defendants, no confusion or misunderstanding would have resulted. But the court gave ambiguous instructions, refused to modify, and refused Nos. 5, 6 and 7 for defendant, all of which were errors.

4. Fleetwood has been paid and defendants should not be required to pay a second commission to one not entitled thereto.

*C. T. Bloodworth*, for appellee.

1. Scott made the contract with Cleveland and Cleveland procured the buyer. This was the contract as sworn to by Cleveland and the jury believed him, just as two other juries before did. The judgment should be affirmed. 121 Ark. 315; 110 *Id.* 9; 122 Ark. 243.

2. There is no error in the instructions—either in giving or refusing. Three juries have found for the plaintiff and found evidence sufficient to sustain a verdict. This litigation should end and the judgment should be affirmed. 121 Ark. 315.

SMITH, J. This is the third appeal of this case. Opinions on the former appeals are found in 110 Ark. 9, and 122 Ark. 259. Upon the first appeal the judgment was reversed because of the error of the court in refusing to grant a continuance, and the judgment was reversed upon the second appeal because of the error in refusing to give two instructions set out in the opinion.

Upon the third trial, from which this appeal is prosecuted, the court gave the instructions approved by us upon the second appeal. During the argument before the jury, a difference of opinion arose between counsel as to the meaning of instruction numbered 6, which is identical with instruction numbered 2 set out in the second opinion. This instruction reads as follows:

"6. Even though you should find from the evidence that plaintiff through Fleetwood, procured the man who finally purchased the timber; yet, if you further find that the man so procured, refused to buy the timber at the price asked, but later, after the time of James had expired was solicited by Fleetwood and that Fleetwood then had the agency to sell the timber at a lower price and consummated the trade through Fleetwood, then plaintiff would not be entitled to any commission and you will find for the defendants."

Counsel for defendants, who are now appellants, contended in his argument that the words, "at a lower price," meant at a lower price than John James had asked for the timber; while the attorney for the plaintiff, who is the appellee, argued to the jury that the words, "at a lower price," meant a lower price than it was offered by defendants; and the court refused the request of appellants to amend the instruction to read, "at a lower price than James asked Day for it."

The evidence is summarized in both former opinions, but a brief statement of it is essential to an understanding of this instruction. Appellee claimed a commission for making a sale of a tract of timber on land owned by appellants. The timber was sold to one T. E. Day through the efforts of one Fleetwood, to whom a commission was paid by appellants, and appellants say Fleetwood was their agent and made the sale as such, and that appellee was not their agent at the time of the sale and did not procure the purchaser. That they had given an agency to one John James to sell the timber, this agency expiring July 1, 1911, and before the sale was made. That appellee was a son-in-law of James and attempted to assist James to make a sale during the

existence of that agency by showing the timber to Day who subsequently became    the purchaser, and that after July 1, there was no agreement between appellant and appellee except that appellee was to show the timber to any prospective purchaser and be paid a reasonable compensation for his services. The sale was finally consummated in December, 1911, and appellee testified that he then had an agency for the sale of the timber, pursuant to which he had employed Fleetwood, at an agreed compensation of .$100, to interest Day in the purchase of the timber and that the sale was thus consummated. Appropriate and correct instructions stated the law applicable to this contention.

We think the point in dispute between counsel an immaterial one, and that the court committed no error in refusing to modify the instruction. We held on the second appeal that the instruction should have been given because it covered a phase of the case not covered by any other instruction and told the jury to find for Scott, the defendant, if they found that the purchaser was procured after the expiration of the agency of James, although the purchaser was procured through plaintiff by Fleetwood, provided they found the purchaser refused to buy during the existence of that agency, but later, and after its expiration, Fleetwood then procured Day as a purchaser. It was contended by appellants that the only authority appellee could ever have had to negotiate a sale of the timber existed during the agency of his father-in-law James, and that his authority then was to assist James in making a sale, and that after the expiration of the agency of James appellee was without authority to negotiate a sale, and the instruction set out above was given to cover that phase of the case. Appellant prepared this instruction and asked it at two trials, and while it is somewhat ambiguous the amendment proposed did not make it less so, as there was no question about the price at which the timber sold. Fleetwood admittedly had the authority to sell at the price paid by Day, for the sale was made by appellant at that price. The question was

whether Fleetwood had an independent agency, or was acting under the employment of appellee who, himself, had an agency to sell the timber. The instruction quoted presented the law applicable to appellant's contention. Other instructions presented the law applicable to appellee's contention. Upon sharply conflicting evidence three juries have found that appellee had an agency to sell the timber, and that the sale was consummated through Fleetwood, his sub-agent.

Even though this finding may be against the preponderance of the evidence, it cannot be said, as appellants insist, that it is without evidence to support it, for appellee so testifies and his evidence, if believed by the jury, is legally sufficient to support the verdict.

Other questions are discussed, but we do not regard them as important.

Finding no prejudicial error the judgment is affirmed.