No. 22,364.

WILLIAM WEGELE, *Appellee,* v. THE ISMERT-HINCKE MILLING COMPANY, *Apellant.*

SYLLABUS BY THE COURT.

WORKMEN'S COMPENSATION ACT—*New Election Not to Accept it Necessary after Its Revision.* For the reasons set out in the opinion in *Railway Co. v. Fuller,* ante, p. 608, which was argued and submitted together with this case, it is held that under the law as it now exists all employers of five or more workmen, engaged in industries characterized by the statute as especially dangerous, are subject to the compensation system, except where notice to the contrary has been given subsequent to the adoption of the act of 1917 in relation thereto, irrespective of what may have been done before that time.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed December 6, 1919. Reversed.

Adrian F. Sherman, J. J. Schenck, both of Topeka, and Thad B. Landon, of Kansas City, Mo., for the appellant.

Edwin D. McKeever, Otis E. Hungate, and Paul E. Heinz, all of Topeka, for the appellee.

The opinion of the court was delivered by

MASON, J.: William Wegele brought an action against the Ismert-Hincke Milling Company, a corporation, on account of an injury received by him in February, 1918, while working in a mill owned and operated by it at Topeka, alleging the injury to have been due to negligence of the defendant. An answer was filed setting out facts relied upon as showing that at the time of the accident the defendant was operating under the workmen's compensation act, and therefore was not amenable to a suit based upon the violation of a common-law duty toward an employee. A demurrer to the answer was sustained on the ground that the facts stated failed to show that the defendant had accepted the provisions of the compensation act, and an appeal is taken from that ruling.

In December, 1915, the defendant's sole business was operating a mill at Kansas City, Kan., which it owned. In that month it filed notice with the secretary of state that it elected not to come under the provisions of the workmen's compensation act, and has never filed any other declaration in relation thereto. In July, 1916, it purchased a mill at Topeka, which at the time was operated under the compensation law. It maintains that the plaintiff's remedy is confined to relief under the compensation statute for two reasons: (1) because the Topeka plant was to be regarded as a separate concern from that at Kansas City, and its status with reference to the compensation act was not affected by a change of ownership; and (2) because the compensation act of 1917 presented for the consideration of employers and employees what was substantially a new plan for adjusting claims for injuries, which became automatically applicable to all establishments within its purview, except where a notice of election not to accept its provisions should be filed after its enactment in that year.

The question involved in the second proposition is the same as that considered and determined in *Railway Co. v. Fuller*, ante, p. 608, which was argued and submitted together with this case. This court there decided (this case being under consideration as well) that under the workmen's compensation act of 1917 (ch. 226) all employers of five or more workmen, engaged in industries therein designated as especially dangerous,

· are subject to the compensation system, except where notice to the contrary has been given subsequent to its enactment, irrespective of what may have been done before that time. That decision determines that under the allegations of the answer the defendant was subject to the compensation law, and renders it unnecessary to consider the other proposition.

The judgment is reversed, and the cause is remanded with directions to overrule the demurrer to the answer.