WILLIE MITCHELL, RESPONDENT, v. J. A. TOBIN CONSTRUCTION COMPANY, APPELLANT.—159 S. W. (2d) 709.

Kansas City Court of Appeals.  January 26, 1942.

Rehearing Denied March 2, 1942.

*Roy W. Crimm* and *Harry F. Murphy* for appellant.

*F. M. Kennard, Joseph L. Judson* and *W. W. McCanles* for respondent.

*Walter J. Gresham* on the brief.

CAVE, J.—This is an appeal from a judgment of the Circuit Court of Jackson County, Missouri, for damages for personal injuries received by plaintiff while working for defendant on a project in the State of Kansas. The case was tried to a jury resulting in a verdict for plaintiff for $3000. Motions for new trial and in arrest were filed and overruled and defendant appeals. Plaintiff's petition declared on a cause of action at common law; and alleged that he had duly

rejected the Missouri Workmen's Compensation Law before this employment and that defendant knew thereof, and that Kansas, by statute, had adopted the common law. The grounds of common law negligence alleged in the petition need not be set out. Defendant answered, alleging in substance that it was constructing a certain viaduct in Kansas City, Kansas, under a contract which required it to employ local Kansas City, Kansas, labor; that plaintiff had been employed in compliance therewith; and plead the Workmen's Compensation Law of Kansas and the provisions thereof, and that as neither plaintiff nor defendant had rejected the same in the manner therein provided, such law controlled and plaintiff could not maintain a cause of action at common law; furthermore, that if plaintiff was employed in Missouri (which is denied), he, having rejected the Missouri Workmen's Compensation Act, was under the Kansas Compensation Act unless he rejected it in manner provided therein, and that he had not done so. Plaintiff's reply alleged that the contract of employment was made in Missouri, and that it did not provide that the Missouri act would not apply, but that it had the further provision, agreement and understanding between plaintiff and defendant, that the Missouri law, and not the Kansas law, would apply and govern in connection with any controversy growing out of said employment; that defendant was a Missouri corporation and plaintiff a citizen and resident of Missouri and that plaintiff's rejection of the Missouri Workmen's Compensation Act was known to defendant prior to said contract of employment, and therefore defendant is estopped to assert that plaintiff is under the compensation law of Kansas; that plaintiff's rejection of the Missouri act did not entirely nullify it but both plaintiff and defendant retained a certain restricted "statutory status" on any contract they thereafter made; and that the Kansas compensation act did not apply in this case.

Briefly stated, plaintiff, in effect, pleads a common-law master and servant action for personal injuries received in another State (Kansas). The defendant pleads that the Workmen's Compensation Law of that State applies and that plaintiff, therefore, has no cause of action at common law. Plaintiff's reply denies that the Kansas Compensation Law applies under the facts in this case for various reasons, which will be discussed. Therefore, the answer to the question of whether the Kansas Workmen's Compensation Law applies may dispense with the necessity for consideration of other grounds of error discussed by defendant.

It seems to be conceded that if plaintiff did not have a common-law cause of action in Kansas, where the tort was committed, then he cannot maintain such an action in Missouri. "No cause of action under the *lex loci*, then no cause under *lex fori*." [Newlin v. Railroad, 222 Mo. 375, 391; see, also, Root v. K. C. Southern Ry. Co., 195 Mo. 348, 371; Chapman v. Terminal Ry. Ass'n, 137 S. W. (2d) 612; 2 Beale-Conflict of Laws, sec. 1321, p. 1298.]

The record discloses that plaintiff had properly and effectively rejected the Missouri Compensation Act before his employment by defendant and that defendant knew such fact at the time of employment. But the plaintiff contends that when the employer is under the act, the rejection of the act by the employee does not render the law inoperative, but certain of its provisions continue to govern the relationship of the parties under the conditions created by such employee's rejection. He cites no case so holding, but relies on Sections 3692 and 3700, Revised Statutes Missouri, 1939. We do not believe such sections support plaintiff's contention. Section 3700, providing for Workmen's Compensation for injuries received outside of Missouri under contract of employment made therein, only applies where the contract was made in this State and where *both* employer and employee are under the act. Section 3692 (d) restores to the employer who is under the act certain common-law defenses if the employee rejects the act; such defenses are negligence of fellow servant, assumption of risk and contributory negligence. In deciding the effect of an employee rejecting the act, we must look to the whole act to get the full import thereof. Section 3690 provides that every employer and every employee (with exceptions which do not apply here) shall be conclusively presumed to have elected to accept the provisions of this *chapter*, "unless prior to the accident he shall have filled with the commission a written notice that he *elects to reject this chapter*." Section 3689 provides that "this chapter shall be known as the workmen's compensation law." Where both employer and employee are under the act, Section 3691, makes the employer liable for compensation irrespective of his negligence and releases him from all other liability to the employee. But again referring to Section 3692 (d), it provides that the above designated common-law defenses shall be restored or made available to the employer if the employee has elected to reject the act. When the employee has properly rejected the act, he can then proceed against his employer on common-law liability and the employer can defend on the same theory. It would seem clear that if the employee elects to reject the act, and proceeds to do so as therein provided, then he has rejected the whole act; or, as stated in Section 3690, he *rejects the chapter* relating to workmen's compensation. He must reject the whole act and not some specific part thereof. In the case of Oren v. Swift & Co. (Mo.), 51 S. W. (2d) 59, 60, our Supreme Court, in speaking of the compensation act, said: "The beneficiaries under a statute must accept it as it stands, and cannot be heard to say they will reject in part and accept in part." The rejection filed by the plaintiff herein with the Missouri Workmen's Compensation Commission, stated: "The undersigned employee hereby gives notice that said employee hereby elects to reject the Missouri Workmen's Compensation Law." There are no restrictions of limitations in that rejection, and the statutes do not provide for a limited

or conditional rejection. We hold that when the plaintiff (employee) rejected the act he rejected it *in toto* and had no further rights thereunder.

The plaintiff argues that his contract of employment with the defendant was made in Missouri and that, therefore, under Section 3700, the Missouri Compensation law will continue to govern the parties where the injuries occurred in another State, and cites the case of Bradford Electric Light Company v. Clapper, 286 U. S. 145. But in that case both parties were under the act, neither having rejected it, and, therefore, it has no bearing on the issue now being discussed. The same distinction can be made in the discussion found in the case of State ex rel. Weaver v. Compensation Commission, 95 S. W. (2d) 641.

The plaintiff founded his cause of action on common-law liability for a tort committed in the State of Kansas, which he admits has, by statute, adopted the common law. He does not undertake to assert any right to compensation under the Missouri Compensation Law and denies that the Kansas Compensation Law applies to him for the additional reasons we will now discuss. At the time of employing plaintiff defendant was operating under and subject to the Kansas Compensation Law, but plaintiff contends he was not subject to it or working under it, because his contract of employment by defendant was made in Missouri and that it was agreed between them that he should not work under or be subject to the provisions of the Kansas act. It is conceded that plaintiff did not file any written rejection of the act with the Kansas commission, as is required of those subject to it, by Section 44-543, Kansas General Statutes, 1935. Therefore, the next question we must consider is whether an employer and employee can orally agree in Missouri that the Kansas Compensation Act shall not apply to the particular employee; thereby, in effect, suspending the Kansas act and preserving for the employee his common-law rights of Kansas for a tort committed in that State. Plaintiff must concede, and we think he does concede, that his cause of action must be governed by the laws of Kansas, either the compensation act, if he is subject to it, or the common law, if he is not subject to the compensation act. Since we hold that, when plaintiff rejected the Missouri Compensation Act he removed himself entirely from under all its provisions, he cannot now claim any benefits from any extra-territorial provisions of Sections 3692 (d) and 3700, because of a Missouri contract of employment. His argument based on that theory must fail. It is conceded that the Kansas act provides an exclusive remedy for those who are subject to it. Plaintiff knew of the Kansas act, and he knew that the work he was to do for defendant was entirely in that State. We do not believe he could remove himself from the effect of that law by an oral agreement in Missouri with defendant and without giving written notice to the Kansas commission

of his rejection, as required by Section 44-543. This principle is supported in effect by decisions of this and many other States. In Moseley v. Empire Gas and Fuel Co., 313 Mo. 225, 281 S. W. 762, 763, the Supreme Court said:

"These sections concerning the relation created by the employer and employee in rejection of the act, through failure to file a declaration not to accept its provisions, have been construed by the Supreme Court of Kansas, in the following cases, among others: Shade v. Lime & Cement Co., 93 Kan. 257, 144 Pac. 249; Railway Co. v. Fuller, 105 Kan. 608, 186 Pac. 127; Wegel v. Ismirt-Hincke Milling Co., 105 Kan. 615, 186 Pac. 130. The statute is optional in character. [Smith v. Packing Co., 115 Kan. 874, 223 Pac. 110.] The substance of the holdings in these cases is that both employer and employee, by operation of the statutes mentioned accept the provisions of the law if they do not file the declarations not to accept thereunder, and that hereby the provisions of the statute become a part of the contract of employment. . . .

"The Supreme Court of Kansas, further construing the provisions of the law, has held that the remedy afforded by the Workmen's Compensation Act, in cases where the employer and employee have elected to come within those provisions is exclusive."

The case of Mitchell v. St. Louis Smelting & Refining Co., 202 Mo. App. 251, has a direct bearing on the matter we are now discussing. In that case the petition alleged that plaintiff was a resident of the city of St. Louis and a citizen of Missouri, and in that city he entered into a contract with defendant whereby he was to enter the service of defendant as a laborer at its place of business in the city of Collinsville, State of Illinois, and that he entered upon his duties as such laborer at such place, and while so engaged was injured due to the carelessness of defendant. He sued the defendant in St. Louis for damages for his personal injuries by pleading a common-law cause of action. At that time Missouri had not adopted a workman's compensation law, but the State of Illinois had. (Similar situation here since plaintiff had rejected the Missouri act.) Without going into great detail in quoting from that decision, the effect of the holding is that since at the time plaintiff was employed he knew that Illinois had a workman's compensation act, and did not reject that act in the manner therein provided, he was under the act; and that since that act was exclusive he had no common-law cause of action. [See, also, Logan v. Missouri Valley Bridge & Iron Co., 127 Ark. 429, 249 S. W. 21.] Because of its particular applicability to the case under consideration, we quote at length from an opinion of the Supreme Court of Minnesota in the case of Johnson v. Nelson, 128 Minn. 158, 150 N. W. 620, wherein the court said:

"It is argued that the contract of hiring, whether made April 2 or June 26, 1913, was made in this State, and the duties and obligations

of the parties are governed by our law, unaffected by that of Wisconsin. Viewing plaintiff's right based upon defendant's duties as an employer, from a contract stand-point alone, this is not true. The general rule as to law of contracts is that 'as to matters pertaining to the performance of contracts the laws of the place of performance govern.' But, although plaintiff's cause of action is predicated upon his relation of a servant to defendant, and the latter's obligations as master, it is, nevertheless, one in tort. As to such actions the law is well settled that the liability or right of action is determined by the law of the place where the injury is inflicted, without regard to the law of the forum or the law of the place where the contract was made.

"This eliminates from consideration the law of the place where the contract of employment was made in determining what redress plaintiff may have for the injuries received when working for defendant in Wisconsin. Plaintiff must resort to the law as it is in that State to find his right of relief.

"The State of Wisconsin, by the Workmen's Compensation Act, permits the employee and employer to renounce the remedy given by the common law for injuries received by the servant in the course of employment, and to accept in lieu thereof the compensation provided under the Act. . . . Since plaintiff must plant his right to recover upon the laws of that State, we do not think he can plead ignorance of either the statutory or common law, as there administered, which may affect such right. . . . The trial court ruled rightly that the sole remedy open to plaintiff is now to be found in the provisions of the Wisconsin Workmen's Compensation Act."

In the case of McCune v. Pell & Co., 192 Ky. 22, 232 S. W. 43, the Supreme Court of Kentucky held in effect that the employer and employee, under its compensation act, could not agree to waive the requirement of the statute to accept or reject the act but must follow the statutory requirements, and said: "If the requirement of the statute could be waived by an oral agreement in this case, then it could be waived in any other case, and the purpose of the statute concerning the preservation of this important evidence would be destroyed."

Plaintiff argues that it would be unfair to the plaintiff to bring him under the Kansas act when he had an agreement with defendant that he would not be under it; however, the plaintiff knew that Kansas had the Workmen's Compensation Law and is, in law, charged with the knowledge of what that law required him to do in order to reject it. We are not here discussing a suit for breach of contract, but whether a statute of a foreign State can be rejected by oral agreement, and not in the manner provided by that statute.

We hold that the oral agreement between the plaintiff and defendant, and he should not work under the Kansas Compensation Law, did not have the effect of rejecting that act as required by Section 44-543.

920

We think by logical reasoning the decisions of the Kansas Supreme Court support that conclusion. That court has declared in effect that the remedies provided by the Kansas Workmen's Compensation Act are exclusive, when neither employer and employee has rejected it in the manner therein provided, and the remedy afforded thereby is substitutional rather than supplemental or cumulative; and that the law itself becomes a part of the contract of employment. Furthermore, that such remedies being exclusive, no action in tort exists against the employer and none can be brought in Kansas or elsewhere if the tort was committed in Kansas. [McRoberts v. Natl. Zinc Co., 93 Kan. 364; Echord v. Rush, 124 Kan. 521; Shade v. Cement Co., 92 Kan. 146; Phoenix Indemnity Co. v. Barton Torpedo Co., 137 Kan. 92.]

Plaintiff next contends that the Kansas Compensation Law does not apply because in the contract defendant had with the State Highway Commission of Kansas for construction of the viaduct, it was provided that the defendant would employ only residents of Kansas to work on that particular job, and that the defendant employed plaintiff knowing that he was a resident of Missouri, and, therefore, no contract of employment of plaintiff came into existence, either in Missouri or Kansas, which would entitle the defendant to the protection of the Kansas Compensation Act. There may have been a breach of the contract which defendant had with the Kansas State Highway Commission, but such a breach would not have rendered that contract void; the most that can be said is that it may have rendered it voidable at the option of the Highway Commission. Certainly, the employment of plaintiff in Missouri was not a fraud on him because he testified that he knew the situation and, knowing it, he went into Kansas and registered at the Kansas State Employment Office and gave his address as Kansas City, Kansas. If there was any false representation made to the State of Kansas concerning the residence of the plaintiff, such representation was made by the plaintiff himself. He, of all people, knew he was not a resident of Kansas. It also appears from plaintiff's testimony that one reason he registered in Kansas was because of some arrangement between a local union in Kansas City, Kansas, and one in Kansas City, Missouri, but whatever his purpose was for misrepresenting his address, he was the one who did it and certainly cannot now take any advantage of that fact. The majority rule in this country seems to be that even though the employee secures his employment through false representations made to his employer he is, nevertheless, entitled to the benefits of the compensation law because the contract of employment is not void but merely voidable at the option of the employer. [71 C. J., p. 435, sec. 177.] The plaintiff cites and relies upon the case of Lee v. Kansas City Public Service Company, 137 Kan. 759. That was a case where the employee was a person under fourteen years of age and had been

employed in violation of a Kansas statute. The court held that the employee did not come under the compensation act because he was employed in direct violation of the Child Labor Act. We think that presents an entirely different question from the one involved in this case. There is no violation of a Kansas statute involved; at most it is a breach of a contract which the Highway Commission could take action on if it desired. We do not believe the Lee case, *supra*, rules the point here at issue.

Holding as we do that plaintiff's claim, if any, is under the Kansas Compensation Law and not under the Kansas common-law, it follows that the court committed error in not sustaining defendant's demurrer at the close of the whole case. It will not be necessary to lengthen this opinion by considering other alleged errors. It, therefore, follows that. this cause must be reversed. It is so ordered. All concur.