John E. GODWIN, Jr., Claimant-Appellant,

v.

CAPE CENTRAL AIRWAYS, Inc., and Liberty Mutual Insurance Company, Defendants-Respondents.

No. 46676.

Supreme Court of Missouri,

Division No. 1.

Dec. 8, 1958.

Limbaugh & Limbaugh, Rush H. Limbaugh, Jr., Cape Girardeau, for claimant-appellant.

James E. Garstang, C. Lawrence Mueller, Louis W. Riethmann, St. Louis, for respondents.

WESTHUES, Judge.

John E. Godwin, Jr., filed a claim with the Industrial Commission of Missouri seeking $8,000 as damages for personal injuries sustained by him when an airplane, piloted by Godwin, crashed while he was spraying crops near Defiance, St. Charles County, Missouri. The claim was filed against Cape Central Airways, Inc., as employer and Liberty Mutual Insurance Company as insurer.

James S. Newberry, as referee, heard the case and denied compensation. On appeal to the Commission, the award of no compensation was affirmed. An appeal was taken to the Circuit Court of St. Charles County, Missouri, and the award was there affirmed. From the judgment entered, Godwin appealed to this court.

On this appeal, it is admitted that Godwin was injured in an accident arising out of and in the course of his employment. Liability was denied on the theory, and the Commission so ruled, that on February 28, 1953, Godwin had filed a formal rejection of the Workmen's Compensation Act, section 287.010 et seq. RSMo 1949, V.A.M.S., and therefore compensation must be denied. The accident and injury occurred on May 26, 1955.

Godwin, in his brief, claims that the Commission and the Circuit Court erred in ruling that the rejection of the Workmen's Compensation Act covered all employment engaged in by him. In particular, Godwin says that the rejection did not cover the work of spraying crops. The theory on which this contention is based is that in the formal rejection of the Act filed with the Commission Godwin's trade or occupation was listed as "Airport Operator." It is insisted that while spraying crops, Godwin was doing work which could not be classified within the duties of an "airport operator." A further contention is made that the insurer, Liberty Mutual, is estopped from asserting that the claimant rejected the Act because it collected a premium on its policy covering Godwin on the date of the injury.

The record justifies the following statement: Cape Central Airways, Inc., is a corporation with its principal office in Cape Girardeau, Missouri. Godwin and his wife own 50% of the stock. Godwin was at all times material to the issues here presented an officer of the company. The company conducted a training school, giving flying lessons, and provided for air taxi for passengers and freight, aircraft sales, and many other activities including aerial application of material for insecticide purposes. Godwin's duties were described by him while he was testifying as follows:

"A. My general duties are those of co-manager and then I'm—our corporation is small, I'm a general employee and flight instructor, charter pilot, and until this accident I was crop sprayer but since that accident I have not been doing any aerial agriculture but I also serve as gas boy and we do the line service ourselves, and my partner, or the President rather, and myself are co-managers, when one is gone the other looks after the operation in addition to doing the general work of the corporation or the operation. We do shop work and things like that."

On further examination, Godwin stated:

"Q. (Mr. Limbaugh) John I may have asked you this but did you file a rejection of the Workmen's Compensation Act in Missouri? A. Yes.

"Q. In what capacity or when did you file it? A. That was February 28th it was accepted. I believe it was filed the 23rd—of 1953.

"Q. In what capacity were you employed at that time by the corporation? A. In the same capacity that I described before, general pilot and also co-manager.

"Q. Did you hold the same office in the corporation? A. At that time I was Vice President of the corporation.

"Q. But at the time you filed the rejection other than the Vice Presidency your duties were the same as you testified to at the date of the accident, is that right? A. Yes, actually at that time though they were more of a general pilot. I was doing—well we had no other pilots hired, just us at the time and we assumed that with the three of us we could just reject the Act and not have any other pilots to worry about."

█ It is apparent that Godwin's duties were, on the day he was injured, the same as they were on the day he filed a rejection of the Act with the Commission. It is further apparent that he intended to reject the Act in toto. Note what he said: " * * * and we assumed that with the three of us we could just reject the Act and not have any other pilots to worry about." We are of the opinion that the trial court ruled correctly in affirming the award of no compensation as made by the Commission on the theory that Godwin had rejected the Act. Mitchell v. J. A. Tobin Construction Co., 236 Mo.App. 910, 159 S.W.2d 709, loc. cit. 711, 712(2–5).

█ Claimant cited a number of cases to support his claim that the character of the work being done at the time of the accident is determinative of whether the injuries are compensable under the Act. The cases, as we understand them, are not in point. In Plemmons v. Pevely Dairy Co., Mo.App., 233 S.W.2d 426, the question decided was that the claimant was a farm laborer and therefore not under the Act. Again, in McCaleb v. Greer, 241 Mo.App., 736, 267 S.W.2d 54, the question was wheth-er claimant was a farm laborer. In Barlow v. Shawnee Investment, Co., 229 Mo.App. 1, 48 S.W.2d 35, the only question material to the issues before us is whether an officer of a corporation may be an employee. It was held that he could be an employee. We cannot see wherein the case of Soars v. Soars-Lovelace, Inc., 346 Mo. 710, 142 S.W.2d 866, also cited by Godwin, is of help to the claimant in this case. It was there held that the injured party did not come within the terms of the act. It was further held, 142 S.W.2d loc. cit. 871(7–11), that the Compensation Act could not be enlarged by the Commission on "holdings of waiver, estoppel, or even by contract." This court there said, "If any insurance company overcharges, or makes an improper or fraudulent charge, rights may be created against it which could be enforced at law or in equity, but that would not authorize the Workmen's Compensation Commission to make awards to persons excluded by the terms of the Act or to exercise any authority that the Legislature has denied it." That case is authority against Godwin's claim that the insurer in this case is estopped to plead that the claimant rejected the Act. Nor does Section 287.060, Subsection 3, Vol. 15, V.A.M.S., p. 16 of Pocket Part, aid Godwin. The subsection reads: "3. The notice given by the employee shall take effect only upon the employment at which he may then be employed until the rejection is withdrawn." The evidence, as above-noted, was that Godwin's employment was at the time he was injured the same as it was when he rejected the Act.

█ The next question briefed is that the insurer is estopped from claiming that Godwin rejected the Act because after the accident an auditor of the company collected a premium on the policy on the theory that claimant was covered. The policy of insurance was a combination policy of "Workmen's Compensation and Employers' Liability Policy." It was plainly so marked. Godwin testified that in February, 1956, an auditor of the insurer made an audit of the company's books and asked

for a complete list of the employees stating that such was necessary because all were covered by the policy. Godwin had made no claim for his injuries and so informed the auditor. Godwin testified that the auditor informed him that in his opinion Godwin could make a claim and receive compensation.

There is some doubt whether the auditor wanted the complete payroll to determine the premium on the compensation portion of the policy or the liability feature. Be that as it may, let us assume that the auditor thought Godwin was covered as to the compensation feature and that a premium was determined on that basis. It is our opinion that such facts would not change the status of Godwin. He had rejected the Act. That rejection was personal to him and could not be withdrawn by any action of the employer or the insurer.

Suppose in the circumstances of this case, Godwin had been injured through the negligence of the employer. Could it be contended that the employer and the insurer could defeat liability in a damage suit on the theory that the employer and the insurer had arranged it so that Godwin was bound by the Compensation Act? The answer is obvious. The quotation, supra, from the Soars case is here applicable. See also Perrin v. American Theatrical Co., 352 Mo. 484, 178 S.W.2d 332, loc. cit. 334 (3, 4), where this court reaffirmed the ruling in the Soars case, supra, saying, "However, the provisions of our Workmen's Compensation Act cannot be enlarged by waiver, estoppel or contract."

We rule that Godwin had rejected the Compensation Act and that his rejection was in full force at the time he was injured; that this rejection of the Act could not be withdrawn without his consent.

The judgment of the trial court affirming the award of no compensation made by the Industrial Commission is affirmed.

All concur.