Jerry Lee HULEN, Appellant,

v.

The AMERICAN OIL COMPANY,
a Corporation, Respondent.

No. 23560.

Kansas City Court of Appeals.

Missouri.

Oct. 1, 1962.

Sol M. Yarowsky, Kansas City, for appellant.

Jesse L. Childers, Kansas City, Madden & Burke, Kansas City, of counsel, for respondent.

MAUGHMER, Commissioner.

Under his petition filed in Jackson County, Missouri, plaintiff sought to recover for personal injuries and property damage, allegedly incurred by reason of defendant's negligence. The trial court sustained defendant's motion and entered summary judgment for defendant under the pleadings.

Plaintiff's notice of appeal is "from the order overruling plaintiff's motion for new trial * * *". The right of appeal is purely statutory and where the statutes do not give such right, no right of appeal exists. State ex rel. State Highway Commission v. Smith et al., Mo., 303 S.W.2d 120; Walker v. Thompson, Mo., 338 S.W. 2d 114, 116. Section 512.020, V.A.M.S. authorizes an appeal from any "final judgment". The appeal and notice should be from the final judgment and not from the action of the trial court in refusing to grant a new trial. However, our appellate courts have been most liberal in construing the appeal statutes and where there is actually an attempt in good faith to appeal from a final judgment, to sustain the appeal rather than to dismiss it for any inadequacies of

the notice. Walker v. Thompson, supra; Woods et al. v. Cantrell et ux., 356 Mo. 194, 201 S.W.2d 311, 315, and Terry v. Metropolitan Life Ins. Co., Mo.App., 206 S.W.2d 724. The appeal here will not be dismissed.

Since the judgment as entered and appealed from was summary and on the pleadings, we shall inspect and consider the pleadings quite fully. Plaintiff in his petition alleges that he is a resident of Kansas City, Jackson County, Missouri, that defendant was engaged in oil refinery operations at Wood River, Illinois, and was authorized to do business in Missouri. He alleges further that at approximately 9:00 a. m., January 27, 1961, he entered upon and drove his 1960 Pontiac automobile upon defendant's premises in Wood River, Illinois, upon a private road thereof, and that defendant's employee negligently operated defendant's locomotive engine and oil car along defendant's track and struck plaintiff's Pontiac, causing plaintiff to suffer personal injuries and property damage.

By its answer defendant admits the collision occurred, reasserts that the entire incident took place on its private property and as a complete bar to the cause of action pleaded that plaintiff requested permission to enter upon its private premises, which permission was granted upon and only upon certain conditions embodied in a written permit which plaintiff signed and accepted. The permit is set forth in toto:

"AMERICAN OIL COMPANY
NO SMOKING

No. 18602

12–29–1960

"PERMIT ISSUED TO  Jerry Hulen & car

"In consideration of this Permit granted to me by the AMERICAN OIL COMPANY on my request to enter into or upon its premises or property, the undersigned waives, and does hereby release and discharge the AMERICAN OIL COMPANY, its officers and employees, from all liability to the undersigned, his employer, assigns and personal representatives, for all loss or damage, and any claim or demands therefor, on account of injury or other casualty to the person or property of or in the possession or control of the undersigned caused, whether negligently or otherwise, by said AMERICAN OIL COMPANY, its officers, agents, employees, licensees, or any of them, while the undersigned and/or such property is in or upon the said AMERICAN OIL COMPANY premises or property.

"AMERICAN OIL COMPANY
"By J. H. Johnson

Signature  Jerry Hulen
Representing  Insulation
     Service,
Address  Tulsa, Okla.
Person or Place to be Visited
or Purpose of Visit Procon
East Gate ;".

While the pleadings and briefs do not entirely clarify or fully explain plaintiff's business upon defendant's premises, it was revealed by the appellate oral argument that plaintiff was there in behalf of Insulation Service. Insulation Service is an organization which had a contract with defendant to perform certain services for defendant. Plaintiff, its employee or subcontractor, was engaged in the performance of those services. Plaintiff was neither an employee nor a customer of defendant.

Simply stated, the issue on appeal is this: Does the permit with its exculpatory clause operate as a bar to plaintiff's cause of action? If it does, the judgment should be affirmed. If it does not, the cause should be remanded for a trial upon the merits of the controversy.

■ We believe it should first be determined if, except as to matters of practice and procedure, the issue should be decided under the laws of Illinois, where the accident occurred, the lex loci delicti, or under the laws of Missouri, where the suit was brought, the lex fori. We believe that the laws of Illinois control and govern. In Mitchell v. J. A. Tobin Const. Co., 236 Mo. App. 910, 159 S.W.2d 709, 711, Cave, J., speaking for this court, said: "It seems to be conceded that if plaintiff did not have a common-law cause of action in Kansas, where the tort was committed, then he cannot maintain such an action in Missouri. 'No case under the lex loci, then no case under lex fori,'" (citing cases). Our Supreme Court in Robinson v. Gaines, etc., 331 S.W.2d 653, 655, phrased the rule as follows: "Generally the law of the forum governs matters pertaining to the remedy and the procedure; the law of the place of the tort determines whether there is a tort as a legal consequence of the alleged conduct; * * *. We now take judicial notice of the public statutes and judicial decisions of a sister state when a pleading 'relies upon the law of another state or contains allegations which show that the law of another state must be applied,'" (citing authorities).

On appeal appellant insists (1) the trial court erred in holding the exculpatory permit was (a) valid, and (b) a complete bar to plaintiff's action; (2) the agreement to exonerate for future negligence is contrary to public policy, and (3) it was error to enter a judgment on the pleadings and deny plaintiff his day in court on both the questions of law and the issues of fact.

Some of the authorities relied upon by appellant have to do with exculpatory clauses in agreements between employers and employees and respecting public carriers. Goldberg, Secretary of Labor v. Whitaker House Cooperative, Inc. et al., 366 U.S. 28, 81 S.Ct. 933, 6 L.Ed.2d 100 (1961); United States v. Silk et al., 331 U.S. 704, 67 S.Ct. 1463, 91 L.Ed. 1757; Powell v. Union Pacific R. Co., 255 Mo. 420, 164 S.W. 628, 641. In our case there is no employer-employee relationship. As stated in 56 C. J.S. Master and Servant § 3(1), p. 45: "The relation of master and servant does not exist between an employer or contractee and the servants of an independent contractor, or between an independent contractor and the servant of a subcontractor, and he is not responsible as master, either to or for them." The rule which applies to public carriers for hire is not applicable to our facts. Other cases cited by appellant are landlord-tenant cases where the exculpatory clause did not clearly and specifically exempt from negligence for the damage suffered. Meyer Jewelry Co. v. Professional Bldg. Co., Mo.App., 307 S.W.2d 517.

■ Appellant urges us to examine the the opinion in Valentin v. D. G. Swanson & Co., 25 Ill.App.2d 285, 167 N.E.2d 14. There an exculpatory clause in a lease was upheld and the judgment for a tenant who fell on a stairway was reversed with directions to deny judgment on the pleadings. The Illinois legislature thereafter (Ill.R.S., 1961, Chapter 80, Sec. 15a) voided such clauses in landlord-tenant leases and declared the same to be against public policy. However, such a statutory enactment is not, we think, authority for a conclusion that such clauses are against public policy in any type of case other than those of landlord and tenant. In fact, if any conclusion is drawn therefrom it should be just the opposite. To the same effect is the opinion by the Supreme Court of Illinois in Jackson v. First Nat. Bank of Lake Forest et al., 415 Ill. 453, 114 N.E.2d 721.

■ The following pertinent general statement is found in 17 C.J.S. Contracts §

262, pp. 644–645. Contracts: Agreements Exempting from Liability for Negligence:

"Contracts exempting from liability for negligence are not favored by the law; they are strictly construed against the party relying on them, and clear and explicit language in the contract is required to absolve a person from such liability.

\* \* \* \* \* \*

"On the other hand, it has been said that the broad public policy of freedom of contract controls in determining the validity of contracts exempting from liability for negligence; so, not all such contracts are held to be against public policy, and it is said that one may contract for such exemption except where prohibited by statute."

The appellate courts of Illinois, upon many occasions, have passed upon the validity and effectiveness of similar exculpatory clauses. In Russell, etc. v. Shell Oil Co., Inc., 339 Ill.App. 168, 89 N.E.2d 415, plaintiff was the employee of a third person who had contracted to make repairs on defendant's property. While engaged upon this work plaintiff was injured and sued defendant, for the use of his employer, to recover workmen's compensation benefits which had been paid by his employer. It was held the indemnity agreement entered into between defendant and plaintiff's employer was valid, effective and defendant was not liable. Plaintiff (Ingram v. New York Central Railroad Co., 30 Ill.App.2d 455, 175 N.E.2d 129) took a lease from defendant to wreck and remove certain structures on defendant's property. The court held that a clause in the bill of sale under which plaintiff and his wrecking company assumed all risk of personal injury was valid, not against public policy and since the complaint failed to allege any willful or wanton conduct by defendant, the motion to dismiss was properly sustained.

Prosser on Torts (1955) Chap. 10, Sec. 55, pp. 305–306, states: "There is no public policy which prevents the parties from contracting as they see fit. Thus one who accepts a gratuitous pass on a railway train, or enters into a lease or some other relation, may agree that there shall be no responsibility for negligence". The Supreme Court of Massachusetts in Freeman v. United Fruit Co., 223 Mass. 300, 111 N.E. 789, is in accord. There a tailor wanted to go aboard defendant's ship and deliver a uniform to a member of the crew. The company as a prerequisite to issuing a pass to plaintiff and permitting him to come aboard, required plaintiff to sign such an exculpatory clause. The court enforced this proviso as a valid defense to plaintiff's claim of damages for injuries resulting from negligence on the part of one of defendant's crew.

Although we have held that the Illinois law governs this case, we believe it is also the law in Missouri that such exculpatory clauses are not against public policy and are valid in this jurisdiction. Govero v. Standard Oil Co., 8 Cir., 192 F.2d 962, 964, concerned a service station lease by defendant to plaintiff which contained a clause exempting defendant from liability for "any loss, damage, injuries or other casualty". We quote from the opinion by the Court of Appeals for the Eighth Circuit:

"The applicable law is that of Missouri. The plaintiff necessarily has the burden of demonstrating that the District Court erred in ruling that under Missouri law the covenant in suit barred his claim. See Western Casualty & Surety Co. v. Coleman, 8 Cir., 186 F.2d 40, 43 and cases cited. The plaintiff cites no Missouri case to support his contention that the covenant was not a bar to his claim. He says that the District Court's construction of the clause of the covenant in suit 'does violence to all precepts of justice and the end result would be that no contract could be declared void as being against public policy.'

"But covenants or clauses such as that in suit are valid in Missouri, as this Court has recognized in Sinclair Refining Co. v. Stevens, 8 Cir., 123 F.2d 186, 192."

This court in McKaig v. Kansas City Terminal Ry. Co., Mo.App., 355 S.W.2d 409, recently upheld the validity of an exculpatory clause contained in a railroad pass as a bar to plaintiff's claim for damages resulting from defendant's negligence.

One of appellant's specific assignments is that "Agreements between employer and employee attempting to exonerate the employer from liability for future negligence * * * are void as against public policy". As previously pointed out herein our particular agreement or permit was not one between an employer and an employee. It is also manifest under the pleadings that plaintiff was not defendant's employee. The accident occurred on defendant's private property and plaintiff's entry thereon was conditioned by the exculpatory clause in the permit which he admittedly signed. There is no allegation of willful or wanton negligence. Such clauses are not against the public policy of Illinois or of Missouri. In our opinion it constitutes a good and sufficient defense to plaintiff's petition and cause of action. The trial court entertained similar views. Defendant's motion presented only a question of law and there were no fact issues posed, under which such legal defense might be overturned. The motion for summary judgment was therefore properly sustained.

The judgment is affirmed.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.