196 So.2d 745 (1967)
STATE of Florida ex rel. Alfred Gordon Poe and Doris V. Poe, His Wife, Relators,
v.
Honorable William P. ALLEN, As Chief Judge, and George T. Shannon, Woodle A. Liles, T. Frank Hobson, Jr., and William C. Pierce, As Judges of and Constituting the District Court of Appeal, Second District, State of Florida, and Howard E. Edwards, Respondents.
No. 35785.
Supreme Court of Florida.
March 8, 1967.
Rehearing Denied March 28, 1967.
Mann, Harrison, Mann & Rowe, St. Petersburg, for relators.
Leslie D. Franklin, of Earle, Jones, Chambers & Franklin, St. Petersburg, for respondents.
DREW, Justice.
Rule nisi in prohibition has issued in this cause upon a petition controverting the jurisdiction of the respondent court in an appeal following a jury verdict for defendants in a negligence action by relators.
By motion to dismiss the appeal the relators, appellees, attacked the sufficiency of the notice of appeal, addressed to a concededly non-appealable[1] order denying motion for new trial. The appellate court held the situation was controlled by principles stated in the recent opinions of this Court in Greyhound Corp. v. Carswell[2] and Robbins v. Cipes,[3] requiring that "in testing the sufficiency of the notice, the record itself should be examined,"[4] and stating that "the test of prejudice to the adversary is the essential test, the deciding test."[5] The appellate *746 court concluded: "Here, as in the Greyhound case, appellant's assignments of error and directions to the clerk indicate the final judgment is the subject of the appeal. Moreover, appellees have neither alleged nor demonstrated any prejudice to themselves as a result of appellant's erroneous designation of his Notice of Appeal."[6]
The notice of appeal and supporting record in this cause parallel in all material respects that presented in Greyhound. Appellant's directions in each instance required the inclusion of the final judgment in the cause, the sole distinction relied on by relator being the direction by the appellant in Greyhound to include "the final judgment appealed from," as opposed to the direction herein simply to include "the final judgment." This reference alone could not logically serve to distinguish the cases in view of the equally erroneous notice filed in each instance. The distinction, in our opinion, would be one without substance, since in both cases the defective notice contains information by use of which the matter appealed can be discovered in the record with at least the reasonable degree of certainty required by the preceding rulings.
The significant factors fully delineated in the earlier cited opinions and present in the case sub judice are proper identification of the litigation in the notice, a clear intent to prosecute an effective appeal, specification of errors reviewable only upon appeal from the final judgment, presentation of a record sustaining such an appeal, and the absence of any record basis for genuine prejudice as a result of the defective notice. While a timely notice that appellate review is invoked is certainly a jurisdictional prerequisite not subject to judicial control, the earlier decisions dismissing appeals for defects in form or content omit consideration of the above principles and do not by rationale negative the clear provision of the current appellate rules that such defects shall not defeat appellate jurisdiction in the absence of actual prejudice.[7]
This rule, as heretofore noted, accords with the nature of the constitutionally guaranteed right of appeal under Article V, Sec. 5(3), Fla. Const., F.S.A., and is supported by well-reasoned cases construing appellate laws and procedures in other jurisdictions:
"Where the appeal is erroneously taken from the order denying the motion, rather than from the judgment, the sound course undoubtedly is to treat this technical error as harmless, and to consider the appeal as if it were from the judgment. * * *"[8]
subject to the qualification that a party cannot by such designations alter the appeal time from the final judgment or otherwise prejudice accrued rights of his adversary, the decided tendency appears to be to adopt "the more liberal rule that, where it is obvious that the overriding intent was effectively to appeal, we are justified in treating the appeal as from the final judgment."[9] Under a statute authorizing, as in Florida, an appeal only from a final judgment, the Missouri Court states:
"* * * The appeal and notice should be from the final judgment and not from the action of the trial court in refusing *747 to grant a new trial. However, our appellate courts have been most liberal in construing the appeal statutes and where there is actually an attempt in good faith to appeal from a final judgment, to sustain the appeal rather than to dismiss it for any inadequacies of the notice. * * *"[10]
For the reasons above detailed, we conclude that jurisdiction of the appeal in this cause is properly retained by the appellate court, and the Rule Nisi should accordingly be discharged.
It is so ordered.
THORNAL, C.J., THOMAS and CALDWELL, JJ., and SPECTOR, District Court Judge, concur.
NOTES
[1] F.S. ch. 59, F.S.A.
[2] Fla. 1966, 181 So.2d 638.
[3] Fla. 1966, 181 So.2d 521.
[4] Ibid, p. 522.
[5] Greyhound Corp. v. Carswell, note 2, 181 So.2d p. 640.
[6] Edwards v. Poe, Fla.App., 189 So.2d 220, 222.
[7] Rule 3.2, F.A.R., 31 F.S.A.: "Deficiencies in form or substance in the notice of appeal shall not be jurisdictional and shall not be ground for dismissal of the appeal unless it be clearly shown that the complaining party was misled or prejudiced by such deficiencies." Among the contrary decisions preceding the promulgation of this rule are Koch v. State Road Depart., Fla. 1958, 106 So.2d 426; Proctor v. Kennedy, Fla. 1953, 64 So.2d 567; Douglas-Guardian Wrhse. Corp. v. Ins. A.F.C., Fla. 1949, 46 So.2d 169; Henderson v. Stevens, 157 Fla. 641, 26 So.2d 656.
[8] Vol. 3, p. 347, Barron & Holtzoff, Fed. Prac. & Proc., Sec. 1302.1.
[9] United States v. Stromberg, 5th Cir., 1955, 227 F.2d 903. Vol. 6A, Moore's Federal Practice, Sec. 59.15.
[10] Hulen v. Amer. Oil Co., Mo. 1962, 360 S.W.2d 726; Clark v. Dubbs, Mo. 1962, 360 S.W.2d 288.