ON MOTION TO DISMISS
SPECTOR, SAM, Associate Judge.
Appellees’ motion to dismiss the appeal herein on the ground that the appellant has attempted to effect an interlocutory appeal from an order denying a new trial, contrary to the provision of Rule 4.2, Florida Appellate Rules, 32 F.S.A., is denied.
As contended by the appellees’ motion, the cited appellate rule does not contemplate interlocutory review of trial court orders denying a new trial on motion made. When taken at face value, appellees’ motion gives the initial impression of being well taken. On consideration of the papers constituting the present record before the court, however, it appears that more than a review of the order denying appellant’s motion for new trial is sought.
In State ex rel. Poe v. Allen, 196 So.2d 745 (Fla.1967), the Supreme Court had before it a notice of appeal which, on its face, indicated that it was addressed to an order denying a motion for new trial. In approving the District Court of Appeal’s refusal to dismiss the cause on the ground that the notice was addressed to a nonap-pealable order, the court stated that in testing the sufficiency of the notice the record itself should be examined. The court further held that the test of prejudice to the adversary is the essential and deciding test, citing Greyhound Corporation v. Carswell, 181 So.2d 638 (Fla.1966), p. 640.
As in the cases of State v. Allen, supra, and Greyhound Corporation v. Carswell, supra, we have examined the assignments of error in the case at bar and find that the second assignment is directed to an alleged error in the entry of the final judgment, and therefore conclude that the rule pronounced in State ex rel. Poe v. Allen, supra, precludes a dismissal of the instant appeal. There is little doubt that the notice of interlocutory appeal herein was inartfully drawn, yet artistry in the drafting of legal instruments seems no longer required under the more recent decisions of our Supreme Court.
Although this appeal is denominated as an interlocutory appeal, it seems, and.we so hold, that this matter should be treated as an ordinary appeal from the final judgment. Therefore, the parties hereto are ordered to proceed with this matter in accordance with the procedure provided in Rule 3.2, Florida Appellate Rules, et seq.