364 So.2d 830 (1978)
BAY AREA NEWS, INC., etc., et al., Appellants,
v.
William POE, Etc., et al., Appellees.
No. 78-206.
District Court of Appeal of Florida, Second District.
November 22, 1978.
*831 J. Richard Rather of Fox & Rahter, St. Petersburg, for appellants.
Thomas K. Morrison, Tampa, for appellees.
GRIMES, Chief Judge.
This is an appeal from an order of dismissal construing Tampa City Code § 20-65 as valid in the face of appellants' first amendment attack.
Appellants are owners and operators of several "adult" bookstores and live nude model photo studios in the City of Tampa. Each held a city occupational license as of the close of business October 26, 1977. By resolutions passed at a meeting on October 27, 1977, the Tampa City Council revoked appellants' city licenses because appellants or their employees had been convicted of crimes involving moral turpitude committed in the course of the licensed businesses. The council acted pursuant to § 20-65 of the City Code which reads as follows:
Sec. 20-65. Revocation of permit and license for conviction involving moral turpitude; reinstatement.
If at any time a person, during the course of engaging in the business or occupation for which he is licensed under this chapter, shall be guilty of any offense involving moral turpitude and is convicted thereof, upon the production of the due and proper record of such conviction to the city council, the council may forthwith revoke the permit and license of such person, in such occupation or business, and the same shall not be reinstated except by the city board, upon good assurance presented to the council at a public hearing by said person, whose license was revoked, said hearing to be set and held by the council within ten (10) days after the council is notified in writing by said person, that it desires such a hearing before the council... .
The resolutions revoking the licenses became effective immediately upon passage.
Appellants each requested a hearing before the council as envisioned by § 20-65. *832 At the hearing appellants did not dispute the existence of the convictions giving rise to the council's action, but generally opposed the council's decision. The council, however, stood by its resolutions of October 27.
Appellants continued to operate their businesses without city licenses in violation of City Code § 20-2. They also filed suit in circuit court seeking both an injunction to prevent appellees from continually arresting their employees and a declaration that the ordinance and the resolutions revoking their licenses were unconstitutional restrictions on the freedom of expression guaranteed by the first amendment of the United States Constitution. Appellees answered and counterpetitioned to enjoin appellants from continuing to operate their respective businesses without valid city licenses. Contemporaneously, appellees moved to dismiss the complaint. The complaint was dismissed with leave to amend. Appellants filed an amended complaint which, upon appellees' motion, was dismissed with prejudice.[1] Subsequently, the court entered a preliminary injunction preventing the appellants from continuing to operate without city licenses.[2]
Appellants contend that City Code § 20-65 is unconstitutional as applied to them because it acts as a prior restraint on their exercise of first amendment rights to free expression. Appellants argue that if they can be prevented from disseminating any publications simply because in the past they have distributed unprotected, obscene matter in violation of obscenity laws, their right to free expression has been wrongfully conditioned on the content of past expression. See Near v. Minnesota, 283 U.S. 697, 51 S.Ct. 625, 75 L.Ed. 1357 (1931). We cannot agree.
The ordinance in question is quite narrow. Not only does revocation depend upon conviction of a crime involving moral turpitude, but the crime must have been committed in the course of engaging in the licensed occupation. Therefore, the purpose of § 20-65 as applied to appellants is not to restrain them from future dissemination of printed material but to call them to account for past abuses of the privilege of doing business in the city.
In 106 Forsyth Corporation v. Bishop, 362 F. Supp. 1389 (M.D.Ga. 1972), the court rejected an argument that a city ordinance allowing the mayor and the council to revoke a motion picture theater business license because of the showing of an allegedly obscene film constituted a prior restraint of the theater owner's first amendment rights.[3] The court stated:
Of course if its [theater's] license is revoked for twelve months ... the result will be that it cannot do business in the City of Athens during such revocation period. The non-exhibition of films obscene or non-obscene during said period *833 would not be the result direct or indirect of previous restraint, but would result incidentally from past abuses of immunity from previous restraint just as a person convicted and imprisoned for criminal libel might be incidentally and indirectly prevented and thus practically restrained from any and all publications during the period of incarceration.

106 Forsyth Corp., at 1397.[4]
The same holds true in this case. The fact that appellants cannot sell books and magazines during the period of the license revocations is not the result of any prior restraint contained within City Code § 20-65, but is the direct result of appellants' abuse of their licenses. Thus, we hold that City Code § 20-65 is constitutional with respect to the first amendment.
Appellants' second attack on City Code § 20-65 alleges that, on its face, it violates the constitutional guarantee of procedural due process because it allows the city council to revoke licenses without notice to the licensees or an opportunity for them to be heard. Appellants admit, however, that the city council did hold a post-revocation hearing. While we recognize that an issue may exist as to when the city council must provide a hearing when it seeks to revoke licenses under the authority of City Code § 20-65,[5] we need not reach that issue because it has not been properly preserved for appeal. Neither the complaint nor the amended complaint contained any allegation that § 20-65 was violative of due process. Appellants raised the issue for the first time during oral argument on the petition for rehearing. Yet, their petition for rehearing specifically stated that they were not raising any new points.
The order dismissing the amended complaint with prejudice is hereby affirmed.
SCHEB and RYDER, JJ., concur.
NOTES
[1] Appellants filed their notice of appeal to the court's denial of the petition for rehearing rather than to the dismissal with prejudice. Normally, such an order is nonappealable; however, because an examination of the record reveals appellants' clear intent to appeal the dismissal, and because the appellees have not been misled by the notice of appeal  indeed, they fully responded to all points raised by the appellants  we will treat the notice of appeal as sufficient to review the dismissal order. State ex rel. Poe v. Allen, 196 So.2d 745 (Fla. 1967)
[2] The notice of appeal is not sufficient to bring up for review the preliminary injunction. Poe v. Allen, supra, only allows us to treat an otherwise defective notice of appeal as sufficient if it does not alter the appeal time from the final order. Appellants' petition to rehear the dismissal order was timely filed, and their notice of appeal was filed within thirty days of the denial of the petition. However, appellants neither filed a notice of appeal within thirty days of the preliminary injunction order nor petitioned the lower court to rehear that order. To allow an attack on the injunction to be raised on this appeal would alter the appeal time from the injunction order. In any event, our resolution of the validity of Tampa City Code § 20-65 moots the question of the propriety of the injunction.
[3] In some respects, Tampa's ordinance is more limited in scope than the ordinance passed by the City of Athens because it requires proof of a criminal conviction rather than a determination of the criminal nature of the licensee's conduct by the city council.
[4] This decision was affirmed by the United States Court of Appeals, Fifth Circuit. 106 Forsyth Corp. v. Bishop, 482 F.2d 280 (5th Cir.1973). The court specifically noted in its opinion that the Athens city ordinance did not violate the first amendment.
[5] Compare Bell v. Burson, 402 U.S. 535, 91 S.Ct. 158, 29 L.Ed.2d 90 (1971) with Jones v. Kirkman, 138 So.2d 513 (Fla. 1962) and Dept. of Highway Safety and Motor Vehicles v. Argeros, 313 So.2d 55 (Fla. 4th DCA 1975).