BARKDULL, Judge.
The trial court entered a final judgment in this cause on July 20, 1979. The appellant timely filed a petition for rehearing which, in effect, was denied on October 2, 1979 except for the correction of a citation.
Thereafter, the appellant took a notice of appeal describing only the October 2, 1979 order. The notice of appeal did not put the appellee on notice that the appellant sought review of anything other than the October 2 order. It wasn’t until the appellant filed her brief that the appellee was put on notice that the appellant’s real complaint was to the July 20 final judgment. Under the new rules there were no assignments of error and the entire record was sent up upon the filing of the notice. The appellee did not respond to the point raised in appellant’s brief. The appeal is subject to dismissal upon the following authorities: Mickler v. Smith, 111 So.2d 457 (Fla.2d DCA 1959); Kaemmerlen v. Shannon, 119 So.2d 315 (Fla.2d DCA 1960); Quackenbush v. Town of Palm Beach, 151 So.2d 348 (Fla.2d DCA 1963); Frank v. Amara, 235 So.2d 537 (Fla.lst DCA 1970). We have not overlooked, State v. Allen, 196 So.2d 745 (Fla.1967), as distinguished by the Second District Court of Appeal in Bay Area News v. Poe, 364 So.2d 830 (Fla.2d DCA 1978).
In the instant case, the appellee was clearly mislead by the notice of appeal, the time expired from which any cross-appeal could have been taken, and there were rulings by the trial court which may have warranted a cross-appeal if the appellee had been put on notice of an appeal from the final judgment. The appellee did not respond to the point in the brief, and to now bold that she was not prejudiced would be wrong. The appellate rules cast upon the appellant the burden of appropriately identifying the order to be reviewed. See: Florida Appellate Rule 9.110(d). The only exception to this would be the circumstances outlined in State v. Allen, supra, which circumstances are not present in the instant case.
Therefore, the appeal in this cause be and the same is hereby dismissed.