417 So.2d 678 (1981)
Robustiano PUGA and Medmold, Inc., Appellants,
v.
SUAVE SHOE CORP., Appellee.
No. 81-187.
District Court of Appeal of Florida, Third District.
April 30, 1981.
On Rehearing June 1, 1982.
Fine, Jacobson, Block, Klein, Colan & Simon and Joseph H. Serota and Stuart L. Simon, Miami, for appellants.
Greenberg, Traurig, Askew, Hoffman, Lipoff, Quentel & Wolff and David L. Ross and Kendall B. Coffey, Miami, for appellee.
Before HUBBART, C.J., and BARKDULL, HENDRY, SCHWARTZ, NESBITT, BASKIN, DANIEL S. PEARSON, FERGUSON and JORGENSON, JJ.
PER CURIAM.
Appeal dismissed.

ON MOTION FOR REHEARING EN BANC GRANTED
SCHWARTZ, Judge.
By a two-to-one majority, a panel of this court granted, without written opinion, the appellee Suave Shoe Corporation's motion to dismiss this appeal solely because the notice of appeal stated that the appellants sought review of the order denying their post-trial motions, rather than the final judgments entered against them. Under Fla.R.App.P. 9.330(a), we have granted the appellants' motion for rehearing en banc because this conclusion creates a lack of uniformity with this court's decision in F.A. Chastain Construction, Inc. v. Stanford, 232 So.2d 421 (Fla. 3d DCA 1970). Upon that consideration, we hold that the motion to dismiss should be denied.
The appellants Puga and Medmold, Inc. were defendants[1] below in an action for damages brought against them by Suave Shoe.[2] The case was tried to a jury which, on November 10, 1980, returned verdicts against Puga and Medmold of $250,000 compensatory and $25,000 punitive damages each. The defendants' timely-filed and appropriate motions for directed verdict and new trial were denied on December 30, 1980. On January 19, 1981, final judgments were entered in Suave's favor on the verdicts. Within the 30-day appeal period thereafter, on January 29, 1981, Puga and Medmold filed the notice of appeal on which this present controversy turns. It stated:
NOTICE IS HEREBY GIVEN that the Defendants, ROBUSTIANO PUGA and MEDMOLD, INC. seek to invoke the non-discretionary jurisdiction of the District Court of Appeal, Third District of Florida, for the review of the Order of this Court rendered on December 30, 1980 denying *679 the Defendants' Motion for a New Trial and Renewed Motion for Directed Verdict. The nature of this Order is a final Order in favor of the Plaintiff and against the Defendants.
All parties to this action are called upon to take notice of the entry of this appeal.
Suave then filed the motion to dismiss which is now before us. In support of that motion, the appellee correctly contends that the order denying the post-trial motions which was specifically stated in the notice is both non-final and non-appealable. Fla.R. App.P. 9.130(a)(4); e.g., Whigam v. Bornstein, 118 So.2d 252 (Fla. 3d DCA 1960). It is incorrect, however, in its claim that the obvious inadvertence in the notice's reference to the wrong order should result in its motion being granted. To the contrary, in accordance with the welcome policy that appellate like other judicial proceedings should be determined on their merits, instead of upon irrelevant technicalities, our supreme court has determined  by both its decisions and its enactment of the governing rules of appellate procedure  that non-jurisdictional[3] and non-prejudicial defects in the notice or other steps in the appellate process are not grounds for dismissal. E.g., Seaboard Air Line R. Co. v. Holt, 80 So.2d 354 (Fla. 1955). Thus, the Advisory Committee and Court's Commentary states that Fla.R.App.P. 9.040(h)
is intended to implement the decision in Williams v. State, 324 So.2d 74 (Fla. 1975), where it was held that only the timely filing of the notice of appeal is jurisdictional. ... [e.s.]
Similarly, the commentary on Fla.R.App.P. 9.110(d), which deals with the form of the notice of appeal, points out that
[t]he Advisory Committee intended that defects in the notice would not be jurisdictional or grounds for disposition unless the complaining party was substantially prejudiced.
Consistent with this approach, it has been repeatedly held on these very facts that a notice which improperly specifies a non-appealable order denying post-trial motions is to be treated as correctly directed to the reviewable final judgment. DeLoache v. DeLoache, 274 So.2d 883 (Fla. 1973); Eggers v. Narron, 238 So.2d 72 (Fla. 1970); State ex rel. Poe v. Allen, 196 So.2d 745 (Fla. 1967); Greyhound Corp. v. Carswell, 181 So.2d 638 (Fla. 1966); F.A. Chastain Construction, Inc. v. Stanford, supra; see Bay Area News, Inc. v. Poe, 364 So.2d 830 (Fla. 2d DCA 1978), cert. denied, 373 So.2d 456 (Fla. 1979); contra, Bennett v. Zager, 387 So.2d 382 (Fla. 3d DCA 1980), review denied, 392 So.2d 1371 (Fla. 1980).[4] These cases are controlling and require denial of the motion to dismiss.
Sauve attempts to distinguish most of these cases, specifically Poe, Greyhound, DeLoache, Eggers and Chastain, on the ground that in each of them the court looked to references in other appellate papers, usually the then-existing assignments of error and directions to the clerk, to deduce an "intent" to secure review of the final judgment. For a variety of reasons, this assertion is not well-taken.
First, the supposedly-required evidence of such an intent may be found in this case on the face of the notice itself which, albeit erroneously, states that the order appealed from is an appealable "final order." See Seaboard Air Line R. Co. v. Holt, supra. Moreover, the intent to appeal from the final judgments has now been unequivocally expressed in the appellants' response to the motion to dismiss,[5] including a specific *680 application under Fla.R.App.P. 9.040(d) to amend the notice to that effect.[6] In addition, we note that, with the abolition of assignments and directions by the new rules, the first extra-notice indication of the issues the appellants seek to raise would ordinarily not appear until the filing of their brief.[7] Since it is certain that this "appellate paper" will show their desire to review and reverse the final judgments, the appellee's position may be rejected on this basis alone.[8]
In the larger, more fundamental jurisdictional sense, however, it is doubtful that any indication beyond the face of the notice as to the particular order in question is necessary to the viability of the appeal.[9] This is because the pertinent issue is not whether the appellants "intended" to designate the correct order in the notice of appeal;[10] but rather, as stated in Poe, supra, at 196 So.2d 746, whether there is "a clear intent to prosecute an effective appeal. "[e.s.]" Unless the appellants had no desire for appellate review of the substantial judgments against them and wished to throw away their filing fee, it is plain on the face of it that they possessed this intent. Under the present circumstances, in which the only appealable orders are the existing final judgments  and the ones stated in the notice are not appealable at all  the only way in which the intent to appeal, that is, to secure appellate review, may be effectuated is to treat the notice as referring to those judgments.[11] Put somewhat differently, so long as a notice is (a) timely filed in the correct court  thus satisfying the only discernible jurisdictional prerequisites, (b) has sufficient information to identify the appealing and opposing parties *681 and (c) states a desire to appeal,[12] it must be deemed directed to the reviewable order, so that that desire may be satisfied.[13] This view is in full accord with the essential basis of the supreme court's decision in Poe that
[t]he significant factors fully delineated in the earlier cited opinions and present in the case sub judice are proper identification of the litigation in the notice, a clear intent to prosecute an effective appeal, specification of errors reviewable only upon appeal from the final judgment, presentation of a record sustaining such an appeal, and the absence of any record basis for genuine prejudice as a result of the defective notice... .
This rule, as heretofore noted, accords with the nature of the constitutionally guaranteed right of appeal under Article V, Sec. 5(3), Fla. Const., F.S.A., and is supported by well-reasoned cases construing appellate laws and procedures in other jurisdictions:
`Where the appeal is erroneously taken from the order denying the motion, rather than from the judgment, the sound course undoubtedly is to treat this technical error as harmless, and to consider the appeal as if it were from the judgment. * * *'
subject to the qualification that a party cannot by such designations alter the appeal time from the final judgment or otherwise prejudice accrued rights of his adversary, the decided tendency appears to be to adopt `the more liberal rule that, where it is obvious that the overriding intent was effectively to appeal, we are justified in treating the appeal as from the final judgment.'[[14]]
196 So.2d 746.
Finally, as in each of the cited cases, it is apparent that the appellee has suffered no *682 cognizable prejudice whatever as a result of the error in the notice of appeal. The only argument it even asserts in this respect is, as we understand it, that it did not cross-appeal adverse rulings below because of its belief that the notice was ineffective.[15] But there is no reason why it could not have filed a protective cross-appeal while still, and not inconsistently, maintaining its position that the primary appeal should be dismissed. More significantly, it has not even been harmed by the failure to take that course. Because the time for filing a notice of cross-appeal is not jurisdictional, it is free to do so even now. City of Hialeah v. Martinez, 402 So.2d 602, 603, n. 4 (Fla. 3d DCA 1981), and cases cited.
For these reasons, the panel order of dismissal is vacated and the motion to dismiss the appeal is denied.[16]
Motion to dismiss denied.
HUBBART, Chief Judge (concurring)
I concur in the court's decision to rehear this cause en banc under Fla.R.App.P. 9.330(a), although I think the panel's order of dismissal more properly creates an intradistrict conflict with Rosen v. Hunter, 224 So.2d 371 (Fla. 3d DCA 1969).[1] I also concur in the court's decision to deny the appellee's motion to dismiss the instant appeal, although I would do so on a much narrower legal ground than that stated in the court's opinion herein.[2]

I
I would treat the instant notice of appeal, on its face, as an appeal directed to the underlying final judgment herein. It seems to me that the subject notice of appeal, although technically defective, gives sufficient notice to the appellee and the court of an intent to appeal from the final judgment, as, clearly, the subject post-trial motions and order thereon were directed to the entry of the underlying final judgment. An appeal from such a post-trial order is, necessarily, an attack on the underlying final judgment and demonstrably indicates, without more, an intent to appeal from the final judgment. I, therefore, see no point in searching the record beyond the notice of appeal in order to discover this all too obvious intent.
This result is, without question, compelled by the eminently sensible rule of law approved in State ex rel. Poe v. Allen, 196 So.2d 745 (Fla. 1967). In that case, the Florida Supreme Court, speaking through Mr. Justice Drew, announced the following, albeit in dicta, as the applicable rule of law here:
"This rule, as heretofore noted, accords with the nature of the constitutionally guaranteed right of appeal under Article V, Sec. 5(3), Fla. Const., F.S.A., and is supported by well-reasoned cases construing appellate laws and procedures in other jurisdictions:

*683 `Where the appeal is erroneously taken from the order denying the motion, rather than from the judgment, the sound course undoubtedly is to treat this technical error as harmless, and to consider the appeal as if it were from the judgment. * * *' [Vol. 3, p. 347, Barron & Holtzoff, Fed.Prac. & Proc., Sec. 1302.1]
subject to the qualification that a party cannot by such designations alter the appeal time from the final judgment or otherwise prejudice accrued rights of his adversary, the decided tendency appears to be to adopt `the more liberal rule that, where it is obvious that the overriding intent was effectively to appeal, we are justified in treating the appeal as from the final judgment.' [United States v. Stromberg, 5th Cir.1955, 227 F.2d 903. Vol. 6A, Moore's Federal Practice, Sec. 59.15]. Under a statute authorizing, as in Florida, an appeal only from a final judgment, the Missouri Court states:
`* * * The appeal and notice should be from the final judgment and not from the action of the trial court in refusing to grant a new trial. However, our appellate courts have been most liberal in construing the appeal statutes and where there is actually an attempt in good faith to appeal from a final judgment, to sustain the appeal rather than to dismiss it for any inadequacies of the notice. * * *' [Hulen v. Amer. Oil Co., Mo. App. 1962, 360 S.W.2d 726; Clark v. Dubbs, Mo. App. 1962, 360 S.W.2d 288.]" [emphasis added]. Id. at 746-47.
This rule, in turn, has been explicitly followed in White v. State, 267 So.2d 360 (Fla. 2d DCA 1972), and implicitly followed in Bowen v. Bowen, 352 So.2d 166 (Fla. 1st DCA 1977), dismissed, 360 So.2d 1247 (Fla. 1980), and Rosen v. Hunter, 224 So.2d 371 (Fla. 3d DCA 1969), so as to treat, as here, a notice of appeal taken from an order denying a post-trial motion for rehearing as demonstrating sufficient intent, on its face, to appeal from the underlying order or judgment against which the motion for rehearing was directed. Application of this rule of law to the instant case requires us, without more, to deny the appellee's motion to dismiss and treat the notice of appeal herein as directed to the underlying final judgment, which notice was timely filed within thirty (30) days of the rendition of said judgment. Compare Bay Area News, Inc. v. Poe, 364 So.2d 830 (Fla. 2d DCA 1978), cert. denied, 373 So.2d 456 (Fla. 1979).
I fully recognize, as the appellee contends, that the Florida Supreme Court has in past cases on this subject found an intent to appeal from the underlying final judgment based on various appellate papers filed in the cause, none of which appear in the instant case. De Loache v. De Loache, 274 So.2d 883 (Fla. 1973) (assignment of error and directions to the clerk); Eggers v. Narron, 238 So.2d 72 (Fla. 1970) (a supersedeas bond, assignments of error and directions to the clerk); State ex rel. Poe v. Allen, 196 So.2d 745 (Fla. 1967) (assignments of error and directions to the clerk); Greyhound Corp. v. Carswell, 181 So.2d 638 (Fla. 1966) (directions to the clerk); accord F.A. Chastain Construction, Inc. v. Stanford, 232 So.2d 421 (Fla. 3d DCA 1970) (assignments of error). I do not read these cases, however, to require the presence of such papers as a sine qua non to salvage the notice of appeal, where, as here, an intent to appeal from the final judgment can be discerned from the face of the notice itself. Moreover, Mr. Justice Drew's dicta in State ex rel. Poe v. Allen, 196 So.2d 745 (Fla. 1967), as quoted above, makes it painfully obvious that a notice of appeal, similar to the one in the instant case, demonstrates on its face a sufficient intent to appeal from the underlying final judgment.
I also recognize that the Florida Supreme Court in an early line of cases held that an appeal was automatically subject to dismissal where the notice of appeal identified an order denying post-trial motions for new trial or rehearing as the sole order appealed from. Koch v. State Road Dept., 106 So.2d 426 (Fla. 1958); Proctor v. Kennedy, 64 So.2d 567 (Fla. 1953); Douglas-Guardian Warehouse Corp. v. Insurance Agents Finance Corp., 46 So.2d 169 (Fla. 1950); Henderson *684 v. Stevens, 157 Fla. 641, 26 So.2d 656 (1946). These cases, however, have been expressly disapproved by the Florida Supreme Court and no longer represent good law. State ex rel. Poe v. Allen, 196 So.2d 745, 746 (Fla. 1967).
Based on the above, I, therefore, entirely agree with the court in its opinion herein that the controlling rule of law in this case is, as stated, that "a notice [of appeal] which improperly specifies a non-appealable order denying post-trial motions [for new trial or directed verdict] is to be treated as correctly directed to the reviewable final judgment." [court's opinion, 679]. I also agree that the appellee has in no way been prejudiced by this technical error in the notice of appeal. [court's opinion, 682].[3] It follows, then, that the appellee's motion to dismiss should, on this ground alone, be denied; indeed the court herein concedes as much by concluding that the above-stated rule of law emerging from the cases is "controlling" here and, without more, "require[s] denial of the motion to dismiss." [court's opinion, 679].

II
I cannot agree, however, with the balance of the court's opinion herein. Besides being unnecessary to the decision in this case, and, therefore, obiter dicta, the balance of the court's opinion, as I see it, contains sweeping pronouncements which are unsupported by the existing Florida law on the subject.

A
First, the court suggests that an intent to appeal from the final judgment herein as required by Florida law may be properly established by such unorthodox "record" items as (a) appellant's response to appellee's motion to dismiss, (b) appellant's motion to amend the notice of appeal, and (c) appellant's yet-to-be-filed main brief. [court's opinion, 679-680]. This suggestion, unsupported by any case law, virtually eliminates the established requirement that an intent to appeal from the final judgment must affirmatively appear in the record in cases of this nature, as, by this suggestion, all errors or omissions in the notice of appeal as to the identity of the order being appealed could always be cured later by filing the above pleadings and brief; for all practical purposes, no appeal could ever be dismissed where the notice of appeal was directed solely to a non-appealable trial court order. Indeed, the court makes it plain that it would be premature to dismiss an appeal as having been taken from a non-appealable order until the appellant files his main brief where, presumably, he may cure any errors in the notice of appeal. [court's opinion, 679-680 and n. 8]. I know of no authority in this state, and the court cites none, to support such a novel result.

B
Secondly, the court suggests that it is no longer necessary, in any event, for a notice of appeal to identify in any way the order or orders being appealed and that an intent to appeal a particular trial court order need not affirmatively appear in the notice of appeal or anywhere else in the record  it being legally sufficient if the notice of appeal "is (a) timely filed in the correct court  thus satisfying the only discernable jurisdictional prerequisites  (b) has sufficient information to identify the appealing and opposing parties and (c) states a desire to appeal." [court's opinion, 680]; by filing such a notice, says the court, along with a filing fee, the appellant has demonstrated a sufficient intent to appeal something appealable which the appellate court must *685 give effect to. Indeed, the court opines, albeit in dicta, that "it may be that a timely notice [of appeal] with the correct style which says merely `the plaintiff appeals' would be sufficient." [court's opinion, 681 n. 14]. By these pronouncements, the court, in my view, plainly reads out of Fla.R. App.P. 9.110(d)[4] any requirement that the notice of appeal identify "the date of rendition and the nature of the order to be reviewed," as well as "the case number in the lower tribunal" and "the court to which the appeal is taken;" it also amends the approved form for notices of appeal, as provided by Fla.R.App.P. 9.900(a)[5], so as to eliminate the above-stated references therein. Substantial compliance with these provisions, as required by Fla.R.App.P. 9.110(d), is no longer required, as no compliance whatever with same is ever necessary. I must reject such suggested wholesale changes in the Florida Appellate Rules as being beyond the power of this court to accomplish.
Beyond that, I think the court, by the above pronouncements, plainly walks away from the well-established Florida law that a notice of appeal, together with the supporting record, must reveal an intent to appeal from a particular appealable trial court order  as opposed to a generalized intent to appeal something upon the filing of a notice of appeal and the payment of a filing fee. The Florida Supreme Court in Milar Galleries, Inc. v. Miller, 349 So.2d 170, 171 (Fla. 1977), states the applicable law here as follows:
"The purpose of a notice of appeal is to disclose to an adverse party and the reviewing court that an appeal from an appealable order, judgment or decree of the trial court is intended. Seaboard Air Line R.R. v. Holt, 80 So.2d 354 (Fla. 1955). As long as parties have received that notice and have not been prejudiced by any deficiencies or ambiguities in the notice of appeal, the dismissal of such an appeal is inconsistent with the concept of appellate review and with proper administration of justice. See Robbins v. Cipes, 181 So.2d 521 (Fla. 1966)."
Now, we are told that the appellant need only file, in the proper court, a notice of appeal with the correct style and parties which expresses a desire to appeal and that is sufficient; he need not demonstrate in any way an intent to appeal from a particular appealable trial court order. I must reject such suggestions as wholly unsupported by, and, indeed, contrary to, the existing Florida law on the subject.

C
Finally, it should be noted that sound policy reasons support the established Florida law on this subject which further militate, in my view, against the court's sweeping suggested changes therein. Granted, we have long since passed the day when *686 hypertechnical pleading at either the trial or the appellate level should determine the outcome of a given cause; in particular, the constitutional right to appeal in this state is surely a precious right and should not be abrogated by outmoded rules of pleading, the violation of which, in no sense, prejudice or mislead any party to the appeal. For this reason, it is clear, and quite properly so, that an appeal should not be dismissed because of deficiencies in the notice of appeal as to the identity of the order or orders being appealed where the notice itself, as here, or the supporting record otherwise adequately apprises the appellee of what the order under review is so that the appellee has in no way been misled or prejudiced by the technical errors in the notice of appeal. Greyhound Corp. v. Carswell, 181 So.2d 638 (Fla. 1966). Indeed, an entire body of law has grown up around what a notice of appeal must contain, which requires only that the notice be in "substantial compliance" with the form prescribed for same by the Florida Supreme Court [Fla.R.App.P. 9.900(a)] and need not be hypertechnically accurate. See e.g., Seaboard Air Line R.R. v. Holt, 80 So.2d 354 (Fla. 1955); Fla.R.App.P. 9.110(d).
Still, this liberal policy of construing notices of appeal and supporting records so as to protect the appellant's constitutional right of appeal has its limits. Some concept of notice to the appellee as to the nature of the order appealed from must be preserved so that the appellee may determine at a relatively early stage of the appeal what the order under review is. If the said order is not appealable, he surely should know, early on, so that he does not waste his valuable time and resources defending an appeal which the court has no jurisdiction to entertain and will promptly dismiss upon proper motion. Litigation is time consuming and expensive; a rule which helps ease that burden on litigants is certainly a necessity in this day and age and not a senseless hypertechnicality. There is also a strong institutional reason for preserving some such concept of early record notice as to the identity of the order under review so that the appellate court itself does not waste its valuable time and resources  already strained by the weight of ever-increasing case loads  in processing appeals which it has no jurisdiction to entertain.
Beyond that, the efficient progress of an appeal is, concededly, sidetracked and slowed down unless the appellee and the appellate court are given adequate notice early in the appeal as to the nature of the order appealed so that a proper record may be promptly prepared and a cross appeal, if appropriate, filed. Indeed, the entire time track for the processing of an appeal is significantly different depending on whether the order under review is a final or non-final order, see e.g., Fla.R.App.P. 9.110, 9.130, 9.200, which again compels early record notice of the nature of the order being appealed. Appeals are time consuming and frustrating enough without adding additional burdens which unnecessarily complicate and prolong the process.
The existing law, then, strikes a proper balance, in my view, between protecting the appellant's constitutional right to appeal while at the same time giving the appellee and the court adequate early record notice of the order under review. I would, therefore, be extremely reluctant to turn an about-face on this established law  as I think the court suggests we do  even if we had the power to do so, which we decidedly do not. Hoffman v. Jones, 280 So.2d 431 (Fla. 1973).
With these reservations, I concur in the order and opinion of the court herein.
BASKIN, Judge (concurring).
Although I concur in the result reached by the majority in this case, I believe the remainder of the opinion sponsors drastic changes in the Florida Rules of Appellate Procedure and thereby exceeds this court's authority. Hoffman v. Jones, 280 So.2d 431 (Fla. 1973). Not only has this court eliminated the procedural requirements pertaining to the notice of appeal, it has also curtailed the right to file motions to dismiss appeals which it calls premature.
*687 Case law cited in the majority opinion and in Judge Hubbart's concurring opinion recognizes that inadvertent errors, which are a part of a good-faith attempt to comply with the rules, are generally forgiven. My disagreement with the majority stems from the fact that it equates good-faith attempts at compliance with total disregard for the rules. While there may be a need to revise the rules to conform with case law, in my opinion, the majority's method of revising the rules on a piecemeal basis is both improvident and unauthorized.
NOTES
[1] Two other defendants were originally also involved.
[2] See Puga v. Suave Shoe Corp., 374 So.2d 552 (Fla. 3d DCA 1979).
[3] The only jurisdictional aspects of the notice appear to be timeliness and filing in the lower tribunal. Lampkin-Asam v. District Court of Appeal, 364 So.2d 469 (Fla. 1978).
[4] It plainly makes no difference that the orders in these cases were entered, as is usually true, after rather than before the final judgment.
[5] It is inconsequential that the papers which expressed this position were filed after the expiration of the 30-day appeal period. This is shown by the fact that, in the earlier cases, the courts regularly considered the contents of appellate papers which, under the "old rules," need not have been filed until 10 days after the notice of appeal. See Rule 3.5(a), Fla.App. Rules (1962).
[6] Rule 9.040(d) provides:

(d) Amendment. At any time in the interest of justice, the court may permit any part of the proceeding to be amended so that it may be disposed of on the merits. In the absence of amendment, the court may disregard any procedural error or defect that does not adversely affect the substantial rights of the parties.
The same considerations which lead to the conclusion that the original notice was not totally defective also require that the motion to amend be granted or treated as if it had been. Thus, the commentary to the rule states:
Section (d) is the appellate procedure counterpart of the harmless error statute, Section 59.041, Florida Statutes (1975). It incorporates the concept contained in former Rule 3.2(c), which provided that deficiencies in the form or substance of a notice of appeal were not grounds for dismissal, absent a clear showing that the adversary had been misled or prejudiced. Amendments should be liberally allowed under this rule, including pleadings in the lower tribunal, where it would not result in irremediable prejudice. [e.s.]
[7] This is true if, as was the case here, no statement of the judicial acts to be reviewed is filed under Fla.R.App.P. 9.200(a)(2).
[8] See DeLoache v. DeLoache, supra, at 884-85:

The Fourth District granted the motion dismissing the appeal two days before the assignments of error and the directions to the clerk were due and later denied rehearing in another short-form order. The action by the district court in failing to wait until the assignments of error and the directions to the clerk were either filed or were late creates a constitutional conflict with our prior cases placing a great reliance upon the record including assignments of error and the directions to the clerk in determining the sufficiency of a notice of appeal.. .
Despite the Fourth District's precipitous action in dismissing the appeal prior to the due date for the assignments of error and the directions to the clerk, the proposed assignments of error and directions to the clerk submitted to the district court by the wife on rehearing must be considered.
[9] The cases in which there were extrinsic indications of an intent to review the final judgment, and which therefore did not reach this issue, are not inconsistent with the view that the appeal may stand even when they are not present. See, Bay Area News, Inc. v. Poe, supra.
[10] As in all these cases, it is quite obvious that they, however mistakenly, intended otherwise.
[11] F.A. Chastain Construction, Inc. v. Stanford, supra, is an extreme example of our willingness to effectuate the ultimate desire to appeal notwithstanding manifest mistakes of counsel. There, the appellant filed a notice of interlocutory appeal directed to the denial of its post-trial motions, thus clearly indicating that it did desire, although erroneously, to review only that interlocutory order. Nevertheless, because it was the only procedural posture in which the appeal could be heard, we treated the proceeding as a plenary appeal directed to the final judgment.
[12] Of course, under Williams v. State, 324 So.2d 74 (Fla. 1975), this may include a filing before the final judgment and thus before it is even possible specifically to refer to it in the notice. In this regard, the cases in which, pursuant to Williams, a notice of appeal which designates a non-appealable, non-final order has been held in abeyance and then directed to a subsequently-entered final judgment lend additional support to our holding here. Gries Investment Co. v. Chelton, 388 So.2d 1281, 1282-83 (Fla. 3d DCA 1980), and cases cited.
[13] While we need not specifically so decide in this case, and surely do not recommend the practice, it may be that a timely notice with the correct style which says merely "the plaintiff appeals" would be sufficient. Certainly, designating no order is at least no worse than explicitly designating the wrong one.
[14] This quotation from United States v. Stromberg, 227 F.2d 903, 904 (5th Cir.1955) was recently reiterated by the fifth circuit in resolving the present issue as we do:

The other contention of Nails by Jannee, Inc. is that Kay-See should not be permitted to appeal because it did not properly designate the judgment appealed from. Instead of appealing from the judgment against Nails by Jannee, Inc., or the judgment against Kay-See Dental Manufacturing Co., Kay-See appealed from the denial of its motion for judgment notwithstanding the verdict or in the alternative for a new trial. Thus, Nails by Jannee, Inc. argues, Kay-See has failed to meet the requirements of F.R.A.P. 3(c) concerning the required contents of a notice of appeal, and its appeal should be dismissed.
The Supreme Court rejected a similar argument in State Farm Mutual Auto Insurance Co. v. Palmer, 350 U.S. 944, 76 S.Ct. 321, 100 L.Ed. 823 (1956). There, in a per curiam opinion, it reversed the decision of the 9th Circuit at 225 F.2d 876 (1955) which dismissed the appeal because appellant, in its notice of appeal, had designated the trial court's denial of its motion for new trial and to amend findings, rather than the judgment against it.
In a later case, the Supreme Court reversed the dismissal of an appeal by the First Circuit Court of Appeals where appellant had not specified in his notice of appeal that the appeal was from a judgment dismissing the complaint as well as from the order denying certain motions. Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The court stated, `It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities.' Id. at 181, 83 S.Ct. at 230.
Similarly, in this circuit, it is well settled that an appeal is not lost if a mistake is made in designating the judgment appealed from where it is clear that the `overriding intent was effectively to appeal.' U.S. v. Stromberg, 227 F.2d 903, 904 (5th Cir.1955). See Comfort Trane Air Conditioning v. Trane Co., 592 F.2d 1373 (5th Cir.1979). [e.s.]
Kicklighter v. Nails by Jannee, Inc., 616 F.2d 734, 738-39, n. 1 (5th Cir.1980); accord, cases collected, 9 Moore's Federal Practice § 203.18 (2d ed. 1980).
[15] We are cynical enough to suspect that what really happened is that Suave made a deliberate decision not to cross-appeal lest its doing so undercut its claim that it was misled to its disadvantage by the error in the notice. It need hardly be said that the failure of this attempted "gotcha!" tactic, much less the disappointment of Suave's hopes that its opponents' irrelevant mistake would result in a failure of the appeal, does not constitute the "actual prejudice," Poe, supra, at 196 So.2d 746, which is required to justify dismissal.
[16] Bennett v. Zager, supra, is overruled.
[1] In Rosen v. Hunter, supra, this court, without any reference to the supporting record, treated, on its face, a notice of appeal from an order denying a motion for rehearing as properly directed to the underlying order setting aside a foreclosure sale. That result seems inconsistent with the panel decision herein which, in effect, refused to treat, on its face, a notice of appeal from an order denying motions for new trial and directed verdict as properly directed to the underlying final judgment.
[2] Although I was a member of the panel which initially dismissed the instant appeal, I have since concluded, based upon further reflection and study of this matter, that the subject dismissal was improvidently ordered. Also, I agree with the court that the contrary decision of Bennett v. Zager, 387 So.2d 382 (Fla. 3d DCA), pet. for review denied, 392 So.2d 1371 (Fla. 1980), should be overruled.
[3] As an aside, I do not read cases such as Greyhound Corp. v. Carswell, 181 So.2d 638 (Fla. 1966), and its progeny to require the appellee to make some showing of irreparable injury before he can successfully complain that he has been prejudiced by errors in the notice of appeal. Indeed, such a showing would surely be near impossible as the court herein convincingly demonstrates in rejecting the appellee's claim of prejudice as to its alleged loss of cross appeal rights. [court's opinion, 682]. It is, however, a sufficient showing of prejudice under the above cases, as I read them, if the appellee, unlike this case, is able to show that he did not receive sufficient notice as to the identity of the order or orders being appealed.
[4] Fla.R.App.P. 9.110(d) provides as follows:

"Notice of Appeal. The notice of appeal shall be substantially in the form prescribed by Rule 9.900(a). The caption shall contain the name of the lower tribunal, the name and designation of at least one party on each side, and the case number in the lower tribunal. The notice shall contain the name of the court to which the appeal is taken, the date of rendition and the nature of the order to be reviewed."
[5] Fla.R.App.P. 9.900(a) provides as follows:
 IN THE [NAME OF LOWER
 TRIBUNAL WHOSE ORDER
 IS TO BE REVIEWED]
 CASE NO ____________
_____________, )
 )
Defendant, Appellant, )
 )
v. ) NOTICE OF APPEAL
 )
............., )
 )
Plaintiff, Appellee. )
______________________ )
NOTICE IS GIVEN that ..........., Defendant, Appellant,
appeals to the [Name of court that has appellate
jurisdiction], the Order of this Court rendered [See Rule
9.020(g)], 19__, The nature of the order is a final order
[state nature of the order].
 /s/ 
 Counsel for Appellant
 [Address]
 [Telephone Number]

Fla.R.App.P. 9.110(d), in turn, specifically provides that the notice of appeal "shall be substantially in the form prescribed by Rule 9.900(a)." [emphasis added].