423 So.2d 520 (1982)
Rudy JONES, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 81-1448.
District Court of Appeal of Florida, Fifth District.
December 15, 1982.
*521 James B. Gibson, Public Defender, and Cynthia Karl-Stamm, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.

ON EN BANC RECONSIDERATION OF MOTION TO DISMISS
COBB, Judge.
The State of Florida moved to dismiss the instant appeal on the ground that the appellant's notice of appeal stated it was:
... to review the Order, Judgment or Decree of the Circuit Court of Orange County, Florida, bearing the date of the 17th day of September, 1981, and rendered on the 17th day of September, 1981. The nature of the order appealed from is the Order of denial on motion to suppress... .
The appellant, Rudy Jones, had been charged with carrying a concealed weapon; his motion to suppress the revolver as evidence was denied by an order dated September 17, 1981. Thereafter, he pled nolo contendere to the charge, stating that he was:
... specifically preserving his right to appeal the motion to suppress which was denied ... at an earlier date after a hearing on the matter.
The trial court rendered its order withholding adjudication of guilt and placing the defendant on probation on December 17, 1981. The state argued that the appeal should be dismissed for lack of appellate jurisdiction because under Florida Rule of Appellate Procedure 9.140(b)(1), the denial of a motion to suppress is not an appealable order. As contended by the state, the appeal should have been from the court's order granting probation.
The appellant, on the other hand, while acknowledging that technically he should have appealed the final order, argued Rule 9.040(d), which provides:
At any time in the interest of justice, the court may permit any part of the proceeding to be amended so that it may be disposed of on the merits. In the absence of amendment, the court may disregard any procedural error or defect that does *522 not adversely affect the substantial rights of the parties.
The appellant pointed out that the appeal was timely, and also relied upon the case of Simpson v. State, 418 So.2d 984 (Fla. 1982), wherein the Florida Supreme Court urged that the courts of this state "should seek to avoid, not foster a hypertechnical application of the law." This court denied the motion to dismiss without prejudice. Now, pursuant to a unanimous vote of the assigned panel acting on its own motion, we reconsider this issue en banc in order to eliminate any lack of uniformity in prior orders or decisions of this court concerning the issue of defective notices of appeal.
The basic rules to be considered in respect to the question of whether or not to dismiss a defective appeal, whether such consideration is prompted by motion of the adverse party or is made sua sponte, have been delineated by decisions of the Florida Supreme Court. The purpose of the notice of appeal is to disclose to an adverse party that an appeal from an appealable order, judgment or decree of the trial court is intended. Milar Galleries, Inc. v. Miller, 349 So.2d 170 (Fla. 1977). The test for determining the sufficiency of a notice of appeal is whether it gives the adverse party and the appellate court sufficient information to identify with a reasonable degree of certainty the order or judgment intended to be appealed. Seaboard Air Line R. Co. v. Holt, 80 So.2d 354 (Fla. 1955). The party seeking dismissal must allege and show some prejudice or inconvenience caused by the deficiency in the notice. Brown v. Winn-Dixie Stores, Inc., 267 So.2d 78 (Fla. 1972).
Basically, we are in agreement with the observation in the majority opinion in the recent case of Puga v. Suave Shoe Corp., 417 So.2d 678 (Fla. 3d DCA 1982):
... [I]n accordance with the welcome policy that appellate, like other judicial proceedings, should be determined on their merits, instead of upon irrelevant technicalities, our supreme court has determined  by both its decisions and its enactment of the governing rules of appellate procedure  that non-jurisdictional and non-prejudicial defects in the notice or other steps in the appellate process are not grounds for dismissal.
Puga, 417 So.2d at 679. We also concur with the Puga opinion's approval of the commentary on Florida Rule of Appellate Procedure 9.110(d), to the effect that "the Advisory Committee intended that defects in the notice would not be jurisdictional or grounds for disposition unless the complaining party was substantially prejudiced."
Nevertheless, we cannot agree with the sweeping dicta in the Puga majority opinion which would amend or abrogate Rules 9.110(d) and 9.900(a), as pointed out by the concurring opinion of Chief Judge Hubbart in that case. The Puga case dealt with post-judgment orders denying a motion for new trial and a renewed motion for directed verdict. As pointed out therein, the preferred course is to treat such technical errors as harmless where the appellee has not been prejudiced by the error, and to consider the appeal as if it were from the underlying judgment. See State ex rel. Poe v. Allen, 196 So.2d 745 (Fla. 1967). As pointed out by Judge Hubbart's concurrence in Puga, it is "well-established Florida law that a notice of appeal, together with the supporting record, must reveal an intent to appeal from a particular appealable trial court order  as opposed to a generalized intent to appeal something upon the filing of a notice of appeal and the payment of a filing fee." See also Milar Galleries, Inc.; Robbins v. Cipes, 181 So.2d 521 (Fla. 1966).
We believe that the same principles and the same reasoning that apply to notices of appeal erroneously designating a non-appealable post-judgment order rather than the underlying judgment should apply equally to pre-judgment orders where there is no prejudice to the appellee, and the notice, coupled with the supporting record, reveal the intent of a noticing party to appeal from an appealable order or judgment. In the instant case it is clear that the appellant seeks review of the final judgment resulting from his nolo contendere *523 plea while reserving for appellate review the legal issues raised by the denial of his previous motion to suppress. No prejudice has been shown or claimed by the state.
In response to the dissent's ad hominem indictment of this majority view on grounds of "intellectual integrity," we merely observe that judicial integrity requires recognition of the doctrine of stare decisis (i.e., the decisions of the Florida Supreme Court are binding on this court) and Rule 9.040(d), which was promulgated by the Supreme Court. Moreover, it is intellectually inescapable that all parties to the instant appeal understood that the defendant's plea, which terminated the proceedings below, was intended to facilitate an appellate determination on the merits of the issues raised by the trial court's denial of the suppression motion. Disagreement with Judge Cowart does not reflect, ipso facto, a lack of integrity.
At this time we expressly do not consider the difficult related problem presented by a purported appeal from a non-judicial act, and do not reaffirm or recede from that line of cases represented by our recent decision in McAllister v. State, 418 So.2d 1203 (Fla. 5th DCA 1982). We also note, of course, that the principles discussed in this opinion do not relate to purported appeals wherein the notice of appeal is untimely.
Accordingly, upon en banc reconsideration of the state's motion to dismiss, the same is
DENIED.
ORFINGER, C.J., and DAUKSCH, FRANK D. UPCHURCH, Jr., and SHARP, JJ., concur.
COWART, J., dissents with opinion.
COWART, Judge, dissenting:
I cannot agree that a notice of appeal filed on November 12, 1981, and clearly describing an "order of denial on Motion to Suppress" dated and rendered September 17, 1981, is a timely and proper notice of appeal of an "Order Withholding Adjudication of Guilt and Placing Defendant on Probation" dated October 26, 1981, and rendered December 17, 1981, nor that it complies with the appellate rules[1] requiring the notice of appeal to be filed within thirty days of rendition of the order to be reviewed and to contain the date of rendition and the nature of the order to be reviewed. This appeal is patently an appeal from a non-appealable order and is untimely both as to the non-final order which appellant erroneously seeks to have reviewed and as to the order granting probation which is appealable under Rule 9.140(b)(1)(B). Under any fair statement of the principle of the majority holding any notice of appeal filed which describes a non-appealable order is sufficient any time later as to the next appealable order or judgment rendered in that case. I cannot go that far.
Certainly it is good policy that all judicial proceedings should be determined on their merits, but I do not consider rules adopted pursuant to the exclusive authority given by the Florida Constitution to the Florida Supreme Court to "adopt rules for the practice and procedure in all courts including the time for seeking appellate review"[2] to be "irrelevant technicalities." Puga v. Suave Shoe Corp., 417 So.2d 678, at 679 (Fla. 3d DCA 1982) (quoted with approval in the majority opinion). To me, it is not a question of whether the notice of appeal is effective or erroneous or whether such defects and errors are grounds for dismissal; rather, it is a matter of jurisdiction of this court and of intellectual integrity.
The Florida Constitution provides that district courts of appeal have jurisdiction to review interlocutory orders to the extent provided by rules adopted by the supreme court.[3] Notwithstanding this provision, that court has not provided for direct review of interlocutory (non-final) orders by *524 defendants in criminal cases.[4] Therefore, we lack jurisdiction to entertain the instant appeal. However, the rules do permit that a defendant may appeal from an order granting probation entered upon a plea of nolo contendere expressly reserving the right to appeal a prior interlocutory non-final order.[5] It is obvious to all that this is what appellant's trial counsel should have done; but what trial counsel should have done or "intended" to do is not the issue. Obviously, defense counsel always intends to do what is necessary to have the appellate court review "something," and from the defendant's initial brief the State can sufficiently figure out what that "something" is in order to file an answer brief; hence there may never be prejudice or harm to the state from the failure of a defendant in a criminal case to identify in his notice of appeal a particular appealable trial court order. Determining jurisdiction should be a simple, clear task based on concrete facts; whether or not this court has jurisdiction in a particular case should not depend on such an obscure and nebulous matter as trial counsel's "intent."
Since defense counsel so clearly described the order denying the motion to suppress in the notice of appeal, it is obvious that order is what he intended to, and attempted to, appeal. If counsel intended to appeal from the order granting probation, it is obvious that is not what he did. The notice of appeal in this case does not contain a "non-prejudicial defect" (Puga, 417 So.2d at 679) or a harmless technical error as it is called in the majority opinion. In fact, the notice of appeal is neither defective, nor erroneous; it is in the form prescribed by rule 9.900(a) as is required by rule 9.110(d). However, in substance, the notice of appeal is insufficient to commence an appeal and insufficient to invoke the jurisdiction of this court because it clearly identifies "the order to be reviewed" and that order is a non-appealable interlocutory order in a criminal case and this court has no jurisdiction to be invoked to review that order. Frankly, the discussion of a "non-prejudicial defect" and a "harmless technical error" constitute but skillfully contrived and written arguments to direct attention away from the real issue of jurisdiction. Whether or not we agree or disagree with the rules, and regardless of our sympathy for the plight of a client whose lawyer has struck out, we should keep the playing field level and make an honest call on each play.
This case is but another example of the trend of appellate courts to not require criminal defendants to follow rules of practice and procedure for various philosophical reasons. A well-known lawyer once wisely said, "The best way to get rid of a bad law is to strictly enforce it." I believe that also applies to court rules of practice and procedure. If notices of appeal serve no purpose and utter failure to comply with rules requiring them is harmless and non-prejudicial, then the rule should be abolished and replaced by a rule that can be held to mean what it says without the necessity of torturing or twisting the truth as to the contents of any particular notice or other paper. Until the supreme court changes the rule, district courts ought to fairly follow it so that from their decisions the wisdom of the rule itself, or the need to revise it, will become apparent to those who have the proper authority to change it.
NOTES
[1] Fla.R.App.P. 9.110(b) and (d).
[2] Art. V, § 2(a), Fla. Const.
[3] Art. V, § 4(b)(1), Fla. Const.
[4] See Fla.R.App.P. 9.130(a)(2) and 9.140(b); cf. R.J.B. v. State, 408 So.2d 1048 (Fla. 1982) (where juvenile attempted to appeal interlocutory order in juvenile criminal case, court specifically noted it had the authority to allow such an appeal, but had declined to do so).
[5] Fla.R.App.P. 9.140(b).