HALL, Judge.
Edward Rolax seeks certiorari review of a circuit court order dismissing his appeal from county court as untimely. Under the circumstances of this case the dismissal was error, and therefore, the petition is granted.
The state filed an information in the county court charging Rolax with theft of utility services. Rolax filed a motion to dismiss the information, and on November 21, 1986, the court denied the motion. Ro-lax thereupon entered a plea of no contest, specifically reserving the right to appeal the denial of his motion to dismiss. The county court adjudicated Rolax guilty and placed him on probation on December 12, 1986. On December 30, 1986, Rolax filed his notice of appeal to the circuit court designating the order of November 21, 1986, denying his motion to dismiss the information as the subject of his appeal.
The state filed a motion to strike the notice of appeal as untimely, contending the judgment appealed was dated November 21, 1986, and therefore, the notice of appeal was filed beyond the thirty days required under Florida Rule of Appellate Procedure 9.140(b)(2). The circuit court, acting in its appellate capacity, dismissed the appeal.
*441 The record is undisputed that upon entering a plea of nolo contendere Rolax reserved his right to appeal the order denying his motion to dismiss the information. It is evident from the record that his appeal was directed to the final judgment of December 12,1986, which was based on a plea entered November 21, 1986, conditioned upon his right to appeal the order denying his motion to dismiss the information.
Unlike the failure to file a timely notice of appeal, the failure to state with certainty what is being appealed is not a jurisdictional defect. Sands v. State, 202 So.2d 141 (Fla. 2d DCA 1967). A notice of appeal generally will be considered legally sufficient if it gives the appellate court and the adverse party sufficient information to identify the order from which the appeal is taken and will not be subject to dismissal absent some showing of prejudice to the appellee. Milar Galleries, Inc. v. Miller, 349 So.2d 170 (Fla.1977); Brown v. Winn-Dixie Stores, Inc., 267 So.2d 78 (Fla.1972); Seaboard Air Line Railroad Co. v. Holt, 80 So.2d 354 (Fla.1955). The appellate courts of this state are encouraged, in the interest of justice, to disregard any procedural error or defect that does not adversely affect the substantial rights of the parties and to permit amendments at any point in the proceedings so that a cause may be disposed of on the merits. Fla.R.App.P. 9.040(d).
We find the instant case indistinguishable in principle from Jones v. State, 423 So.2d 520 (Fla. 5th DCA 1982), wherein the notice of appeal was timely from the final judgment but specified an earlier order denying a motion to suppress. The court found it “clear that the appellant seeks review of the final judgment resulting from his nolo contendere plea while reserving for appellate review the legal issues raised by the denial of his previous motion to dismiss,” Id. at 522-523, and, therefore, declined to dismiss the appeal.
The petition for writ of certiorari is granted, and this case is remanded to the circuit court with directions to reinstate Rolax’s appeal.
CAMPBELL, A.C.J., and SCHOON-OVER, J., concur.