# Third District Court of Appeal

## State of Florida

Opinion filed November 1, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0537
Lower Tribunal No. 21-2836
_____

**Aubrey Davis,**
Appellant,

vs.

**Reginald Tookes,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Michael A. Pizzi, Jr., P.A., and Michael A. Pizzi Jr., for appellant.

Geraldine Bonzon-Keenan, Miami-Dade County Attorney, and Eric A. Rodriguez, Assistant County Attorney, for appellee.

Before FERNANDEZ, LINDSEY, and MILLER, JJ.

LINDSEY, J.

Appellant Aubrey Davis (Plaintiff below) appeals from a final order dismissing his defamation action against Appellee Reginald Tookes (Defendant below) based on the doctrine of absolute immunity.[1] Because the Complaint contains allegations that fall outside the scope of employment, we reverse the dismissal and remand for further proceedings.

Davis is a former Miami-Dade Transit employee, and Tookes was his supervisor. According to the allegations in the Complaint,[2] in November 2019, the parties coincidentally attended the same event at the House of Blues in Orlando, Florida. The Complaint further alleges that Davis avoided Tookes at the event. Despite this, Tookes called the police and "falsely claimed that Mr. Davis pushed him three times." According to the police

[1] Tookes's primary argument on appeal is that this Court lacks jurisdiction because Davis's notice of appeal attaches an order denying rehearing and not the underlying final order of dismissal. We have jurisdiction because the notice of appeal was filed within the jurisdictional time limit. See, e.g., Puga v. Suave Shoe Corp., 417 So. 2d 678, 679 (Fla. 3d DCA 1981) ("[I]t has been repeatedly held on these very facts that a notice which improperly specifies a non-appealable order denying post-trial motions is to be treated as correctly directed to the reviewable final judgment."); see also Philip J. Padovano, 2 Fla. Prac., Appellate Practice § 9:4 (2023 ed.) ("Technical defects in the form or content of the notice of appeal are not jurisdictional. Likewise, the failure to include a required attachment to the notice does not affect the jurisdiction of the appellate court.").

[2] "In reviewing an order granting a motion to dismiss, we assume the truth of the allegations." Yacht Club by Luxcom, LLC v. Vill. of Palmetto Bay, 306 So. 3d 268, 269 n.1 (Fla. 3d DCA 2020).

report attached to the Complaint, Tookes did "not wish to prosecute or testify in court[; he] just wanted to report the incident and receive a case number that he can provide to his employer."  Tookes reported the incident to Miami-Dade Transit management, and Davis was fired.

Davis filed suit for defamation, and Tookes moved to dismiss based on absolute immunity.  In his motion, Tookes argued that as a supervisor, his reporting the incident to Miami-Dade Transit fell within the scope of his employment and was therefore protected by absolute immunity.  The trial court entered an unelaborated order granting Tookes's motion and dismissing Davis's action with prejudice.[3]  Davis timely appealed.

On appeal, Davis points to allegations in the Complaint that fall outside the scope of employment.  Specifically, the Complaint alleges that Tookes made a defamatory statement when reporting the incident to Orlando law enforcement at an event the parties coincidentally attended at the House of Blues.  We agree these allegations fall outside the scope of employment.  Accordingly, we reverse the dismissal and remand for further proceedings.

Reversed and remanded.

---

[3] "Generally, refusal to allow amendment of a pleading constitutes an abuse of discretion unless it clearly appears that allowing the amendment would prejudice the opposing party; the privilege to amend has been abused; or the amendment would be futile."  Readon v. WPLG, LLC, 317 So. 3d 1229, 1238 (Fla. 3d DCA 2021).